DEPARTMENT OF
CORRECTIONS, Petitioner,

v.

Bill KRAUS, Respondent.

Roger ENDELL, Petitioner,

v.

Gary M. WINTER, Respondent.

Nos. S–2128, S–2196.

Supreme Court of Alaska.

Aug. 26, 1988.

Rehearing Denied Sept. 29, 1988.

J. Frank Prewitt, Asst. Atty. Gen., Anchorage, Larry A. McKinstry, Asst. Atty. Gen., and Grace Berg Schaible, Atty. Gen., Juneau, for petitioners Dept. of Corrections and Roger Endell.

Gary M. Winter, Anchorage, pro se.

Sen K. Tan, Asst. Public Defender, Anchorage, and Dana Fabe, Public Defender, amicus curiae.

Before MATTHEWS, C.J., and
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

## OPINION

MATTHEWS, Chief Justice.

Bill Kraus and Gary Winter were Alaskan prisoners who were sanctioned for violating prison rules. A prison disciplinary committee punished Kraus by imposing a sentence of ten days in punitive segregation and ninety days loss of good time [1] for striking another prisoner. Winter lost fifteen days of good time for lying to a prison official. Kraus and Winter unsuccessfully appealed to the prison Superintendent, and then to the Regional Director of the Department of Corrections. They then filed administrative appeals in the superior court pursuant to Appellate Rule 602. The state moved to dismiss each case, contending that the agency action was not appealable and that the court lacked jurisdiction.

---

1. A prisoner is entitled to a deduction of one-third of his term of imprisonment if he follows prison rules. AS 33.20.010. Violating prison rules can lead to a loss of this deduction. 22 AAC 05.470 (Eff. 9/10/77).

These motions were denied and we granted the state's petition for review.

In *McGinnis v. Stevens*, 543 P.2d 1221, 1236 (Alaska 1975), we had occasion to review in detail the constitutional and statutory rights of Alaska prisoners in prison discipline proceedings, and the judicial review of such proceedings. We concluded that while "the inmate has no automatic right of appeal to the courts of Alaska," *id.* at 1236, judicial review is available where "fundamental constitutional rights are alleged to be abridged in disciplinary proceedings." *Id.* at n. 45.[2]

■ The state acknowledges that *McGinnis* requires that prisoners have a right to judicial review of major[3] disciplinary proceedings where issues of constitutional magnitude are raised, but argues that such review should not be conducted as an appeal but rather in another type of proceeding. They suggest Criminal Rule 35.1 (request for post-conviction relief), Civil Rule 86 (petition for writ of habeas corpus), 42 U.S.C. § 1983 (civil rights action), or some other kind of civil action.

We reject the state's argument for several reasons. First, in *McGinnis* we referred to the judicial review of major disciplinary proceedings as an appeal. *Id.* at 1236. Second, we agreed with that aspect of the superior court decision in *McGinnis* which stressed that the review would be based on the tape recording of the disciplinary proceedings. *Id.* at 1235 n. 43, 1236. A review on the record, as distinct from the de

novo reception of evidence, is a characteristic of appeals. *Southeast Alaska Conservation Council, Inc. v. State*, 665 P.2d 544, 549 (Alaska 1983); *State v. Lundgren Pac. Constr. Co.*, 603 P.2d 889, 898 (Alaska 1979) (Matthews, J., concurring); *cf.* Appellate Rule 609.[4] Third, this court has consistently shown a preference for reviewing adjudicative decisions of an administrative agency by means of an appeal. In *Winegardner v. Greater Anchorage Area Borough*, 534 P.2d 541, 545 (Alaska 1975), we stated:

> Whether Appellate Rule 45 [now Appellate Rules 601–609] applies is not determined by labeling a case an appeal or a new proceeding. The essential question is a functional one: does the claim before the superior court challenge a prior administrative decision? If the answer is affirmative, Appellate Rule 45 applies.

This functional test is plainly met in the present case. *See also Owsichek v. State, Guide Licensing and Control Board*, 627 P.2d 616, 619 (Alaska 1981); *Lundgren Pac. Constr.*, 603 P.2d at 896; *Keiner v. City of Anchorage*, 378 P.2d 406 (Alaska 1963). Fourth, appellate review should be less expensive and time consuming than the proceedings suggested by the state, each of which entails discovery and evidentiary hearings.

■ On appeal to the superior court, Kraus raised only one point, namely, that the sanctions imposed by the disciplinary committee were excessive. Mere exces-

---

**2.** In *McGinnis* we cited *K & L Distributors, Inc. v. Murkowski*, 486 P.2d 351 (Alaska 1971) for the proposition that limited review was available. In *Murkowski*, review of fundamental constitutional questions was held to be required even though there was an applicable statute which explicitly precluded judicial review. The *Murkowski* court distinguished constitutional rights review from "the broad form of review required under the Alaska Administrative Procedure Act." *Id.* at 357. It is clear that review of prison disciplinary proceedings is not covered by the Alaska Administrative Procedure Act, AS 44.62.010—.650. Such review is not explicitly precluded by any statute.

**3.** No question is raised in these cases concerning whether the disciplinary proceedings at issue are "major." Under the Department's regulations, Kraus' and Winter's infractions were

classified as neither "major" nor "minor," but as "high moderate" (in the case of Kraus) and "low moderate" (as to Winter). 22 AAC 05.040. Their infractions, however, are major in the sense of the term employed in *McGinnis*, because the punishment which each received included loss of statutory good time which we described as one "of the most severe punishments possible at an administrative level." *Id.* at 1225 n. 6.

**4.** Appellate Rule 609 provides in relevant part:
> After notice of appeal to the superior court has been given, the superior court shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction. In its discretion the superior court may in lieu of an appeal, grant a trial de novo in whole or in part.

siveness of a sanction is not a constitutional violation. Thus Kraus' appeal should have been dismissed.

 Winter, on the other hand, claimed that the disciplinary committee had relied on evidence which was not presented in the disciplinary proceeding. Agency reliance on evidence not in the record is a fundamental defect amounting to a failure of due process.[5] The trial court did not err in refusing to dismiss Winter's appeal.

AFFIRMED as to Winter, REVERSED as to Kraus.

---

**5.** *City of Fairbanks v. Alaska Public Utilities* *Commission,* 611 P.2d 493, 495 (Alaska 1980).