**Sidney R. HERTZ, Appellant,**

v.

**Dan W. CAROTHERS, Superintendent, Lemon Creek Correctional Center, Alaska Department of Corrections, Appellees.**

**No. S–2527.**

Supreme Court of Alaska.

Jan. 5, 1990.

Sidney R. Hertz, Seward, pro se.

Larry McKinstry, Asst. Atty. Gen., Grace Berg Schaible, Atty. Gen., Juneau, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

On August 26, 1987, Sidney Hertz filed an appeal with the superior court seeking review of a Department of Corrections' determination to purchase prisoner commissary items from a local store that charged a five percent handling fee for preparing individual inmate orders.[1] On November 12, 1987, the superior court held that the case was frivolous and that the court lacked both appellate and subject matter jurisdiction.

■ Hertz' appeal requires this court interpret AS 22.10.020(d), the statute defining the superior court's jurisdiction. On questions of statutory interpretation this court exercises its independent judgment. *Barcott v. Dep't of Public Safety*, 741 P.2d 226 (Alaska 1987).

■ Alaska Statute 22.10.020(d) states that: "[t]he superior court has jurisdiction in all matters appealed to it from an ... administrative agency when appeal is *provided by law.*" (Emphasis added). There is no law, either statutory or common law, which gives the superior court jurisdiction over Hertz' appeal.

The Alaska Administrative Procedures Act (APA) specifies the agencies which are bound by the administrative adjudication procedures of APA. AS 44.62.330. The Department of Corrections is not specified. *Id.* Accordingly, an inmate may not appeal an administrative decision made by the Department of Corrections under the APA. Neither could we find, upon examination, any other statute providing for superior court review of administrative decisions made by the Department of Corrections.

Turning our analysis to relevant common law, this court considered the question of judicial review of prison disciplinary proceedings in *McGinnis v. Stevens*, 543 P.2d 1221 (Alaska 1975). There, we held that, while "the inmate has no automatic right of appeal to the courts of Alaska," *McGinnis*, 543 P.2d at 1236, an inmate did have a right to judicial review of major disciplinary proceedings where issues of constitutional magnitude are raised. *Id.* at 1236 n. 45. In *Department of Corrections v. Kraus*, 759 P.2d 539, 540 (Alaska 1988) we reaffirmed the holding in *McGinnis* and determined that the judicial review of inmate disciplinary proceedings, when constitutionally required, must be conducted as an appeal rather than any other type of proceeding.

Hertz' appeal does not fall under *McGinnis* and *Kraus* because it does not concern a disciplinary proceeding. Nor does it raise an issue of constitutional magnitude. The decision of the superior court is AFFIRMED.

---

1. The store agreed to give the inmates a ten percent discount and then charge a five percent handling fee on commissary items. The net effect is that the store is providing a five percent discount.