Joseph B. SOUZA, Appellant,

v.

STATE of Alaska, Appellee.

No. 1042.

Court of Appeals of Alaska.

May 18, 1990.

Joseph B. Souza, Palmer, pro se.

Michael J. Stark, Asst. Atty. Gen., and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

This is an appeal from the superior court's denial of Joseph B. Souza's petition for a writ of *habeas corpus*. Souza contends that the Department of Corrections' use of a newly enacted policy governing restoration of forfeited good time was a violation of the constitutional prohibition against *ex post facto* laws. We affirm.

The facts are not disputed. Souza is an Alaska prisoner serving a sentence imposed in 1986. Effective January 9, 1987, the Department of Corrections implemented a revised version of 22 AAC 05.472, a regulation governing prisoners' eligibility for restoration of good time forfeited as a result of disciplinary infractions. Souza thereafter committed, and was convicted of, a disciplinary infraction resulting in forfeiture of good time. Under the newly effective regulation, as implemented by D.O.C. policy 809.07, Souza was entitled to apply for restoration of his forfeited good time only after completing six months of clear conduct immediately following the infraction. Under the prior regulation, he would have been entitled to apply for restoration after any six-month period of clear conduct, regardless of whether it immediately followed the infraction.

Souza was apparently precluded from restoration of good time by the new policy and petitioned for *habeas corpus*, claiming, *inter alia*, a violation of the *ex post facto* prohibition. The superior court dismissed the petition, concluding that the application of the challenged regulation to Souza's case did not constitute an *ex post facto* violation.

On appeal, Souza reiterates his argument below, relying on *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). *Weaver* holds that a law making it more difficult for a person to accrue good time credit cannot be applied "to events occurring before its enactment." 450 U.S. at 29, 101 S.Ct. at 964. In *Weaver*, the event triggering the *ex post facto* prohibition was deemed to be the date of commission of the offense for which the defendant was convicted. 450 U.S. at 32–33, 101 S.Ct. at 966.

Unlike the situation in *Weaver*, however, the significant event to which the challenged regulation in this case applied was not Souza's commission of his original offense, but rather his commission of a new infraction—an event that occurred after

the effective date of 22 AAC 05.472. The challenged regulation did not impose increased punishment for Souza's original crime or subject him to a greater penalty than he could have expected when sentenced. It subjected him only to a limitation on restoration of good time forfeited as a result of any infraction that he might commit after the regulation's effective date.

A virtually identical issue was considered by the California Supreme Court in *In re Ramirez*, 39 Cal.3d 931, 218 Cal.Rptr. 324, 705 P.2d 897 (1985). There, the court held that a change in the state's good time laws did not violate the *ex post facto* prohibition. The court reasoned that sanctions for misconduct occurring in prison are unrelated to a person's original crime. *Id.* 218 Cal. Rptr. at 328, 705 P.2d at 901. Accordingly, the court distinguished *Weaver*, in which the change in the rate of accrual of good time bore no relationship to a prisoner's conduct while in prison. *Id.* The court found "a critical difference between a diminution of the ordinary rewards for satisfactory performance of a prison sentence—the issue in *Weaver*—and an increase in sanctions for · *future misbehavior* in prison...." *Id.* (emphasis in original).

The reasoning in *Ramirez* is bolstered by decisions in other analogous cases. *See, e.g., Lemon v. State*, 654 P.2d 277, 278 n. 2 (Alaska App.1982) (habitual criminal statute applicable to offenders whose predicate offenses were committed prior to its enactment); *United States v. Patterson*, 820 F.2d 1524, 1527 (9th Cir.1987) (statute increasing sentences for possession of firearms while on bail may be applied to the case of an offender who was already on bail when the statute became effective if possession occurred after effective date); *United States v. Greene*, 810 F.2d 999, 1000 (11th Cir.1986) (statute increasing sentences for felons in possession of firearms

held applicable to offender since possession occurred after effective date).

We find these authorities persuasive and hold that application of the challenged regulation to Souza's case did not violate the *ex post facto* prohibition.[1]

The order dismissing Souza's petition for a writ of *habeas corpus* is AFFIRMED.

administrative adjudication meeting the minimum requirements of due process, *see, e.g., McGinnis v. Stevens*, 543 P.2d 1221 (Alaska 1975), we find this argument to be without merit.

---

1. Souza argues separately that 22 AAC 05.472 is a prohibited bill of attainder. There is nothing in the record, however, indicating that Souza was in any way singled out for special treatment by adoption of the challenged regulation. Since all charges of prison misconduct are subject to