Sidney R. **HERTZ, Individually and on Behalf of all others similarly situated, Appellant,**

v.

Charles **MOSES, Individually and in his capacity as Regional Director; Richard C. Shoeffel, Individually and in his capacity as Superintendent; Michael O'Shea, Individually and in his capacity as Chairperson, Disciplinary Committee, Spring Creek Correctional Center, Department of Corrections for the State of Alaska, Appellees.**

No. S–4250.

Supreme Court of Alaska.

Jan. 17, 1992.

---

Sidney R. Hertz, pro se.

John K. Bodick, Asst. Atty. Gen., Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

The failure to denote the incident report as either disciplinary or informational did not violate appellant's due process rights as he had adequate notice of the disciplinary hearing. Similarly, the failure to call Mr. Easter to testify as to why the incident report was not so denoted was not a due process violation because Easter's testimony on this point was irrelevant to any substantive issue. The failure of the appellees to record the deliberations of the prisoner disciplinary committee is not a violation of due process.

The other points raised by Hertz are unreviewable as they do not allege an abridgement of fundamental constitutional rights. *Department of Corrections v. Kraus*, 759 P.2d 539, 540 (Alaska 1988).

For the foregoing reasons the judgment is affirmed.