Jack **HAYS**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. S–4036.

Supreme Court of Alaska.

May 1, 1992.

Jack D. Hays, pro se.

John K. Bodick, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON, and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

### INTRODUCTION

Jack Hays, an inmate in the Alaska prison system, filed an appeal in the superior court after administratively challenging his dismissal from his prison librarian job and his removal from honor-wing of the facility in which he is incarcerated. The superior court dismissed Hays' appeal for lack of subject matter jurisdiction and this appeal followed. We affirm.

### FACT AND PROCEEDINGS

Jack Hays, an inmate in the Wildwood Correctional Center, was dismissed from his prison librarian job. His dismissal was based on his failure to perform his job, as well as his abusive attitudes toward other inmates. In accordance with prison guidelines Hays was removed from the honor-wing at the Wildwood facility that same day as a result of his job termination. The following day, Hays filed a "request for interview" with Superintendent Moody, requesting that the superintendent review and reverse his job termination and removal from the honor-wing. The superintendent denied Hays' informal request for relief, stating that the removal from honor-wing is within the superintendent's discretion and is based on recommendations from prison staff. Hays then filed a formal "prisoner grievance" alleging that the termination of his librarian job and removal from honor-wing were violative of substantive and procedural due process. An investigator responded to Hays' grievance, concluding:

> [I]t has been determined that the attitude of Mr. Hays is not in the best interests to the security or orderly administration of the institution. Mr. Hays is outspoken about his contempt towards "non-whites, Jews, homosexuals, and baby rapers." Such attitudes are clearly not conducive to the present inmate population at Wildwood Correctional Center. This investigator can find no "conspiracy" directed towards Mr. Hays. It is also very clear that unless Mr. Hays changes his attitudes, the only work positions that

should be available to him are those that limit the amount of direct contact with other inmates. The law library is a service to all inmates in which bigotry, racism and anti-semetism [sic] can not be tolerated.

After the superintendent denied Hays' formal request for relief, Hays filed an appeal with the Southcentral Regional Director, Charles Moses. Subsequently, the Regional Director denied the requested relief stating,

> It is clear to me that you were terminated from your job as a result of your poor attitude and/or unacceptable job performance. It is also clear to me that you were removed from your honor status due to job termination which is in accordance with the guidelines established for honor status prisoners.

Hays then filed an administrative appeal in the superior court, which dismissed the case for lack of subject matter jurisdiction. Hays now appeals.

### DISCUSSION

Hays argues that his due process rights were violated because he was punished without a disciplinary hearing. He asserts that his reduced "gratuity," his segregation from other inmates in his work assignments, and his removal from honor-wing and honor status all constitute punishments that require a disciplinary hearing. He further asserts that it was a denial of due process for the Department of Corrections officials to rely on the "secret memo" which he alleges contains "bad faith innuendo."

■ The state relies on *Hertz v. Carothers*, 784 P.2d 659, 660 (Alaska 1990), for the proposition that the superior court does not ordinarily have jurisdiction over appeals from prison grievance proceedings. However, *Carothers* does not preclude superior court review in all instances. While we have held that an "inmate has no automatic right of appeal to the courts of Alaska," an inmate is entitled to judicial review of a major disciplinary proceeding where "issues of constitutional magnitude are raised." *Carothers*, 784 P.2d at 660 (quot-

ing *McGinnis v. Stevens*, 543 P.2d 1221, 1236 (Alaska 1975)).

Hays asserts that the Department of Corrections' actions constitute a denial of his rights under the Alaska and Federal constitutions. We have not previously addressed whether denial of employment as a prison librarian raises an issue of constitutional magnitude.

Article I, § 12 of the Alaska Constitution provides that "[p]enal . administration should be based on the principle of reformation and upon the need for protecting the public." In *Ferguson v. Department of Corrections*, 816 P.2d 134, 139 (Alaska 1991), we held that "[u]nder Alaska law ... prisoners have an enforceable interest in continued participation in rehabilitation programs."

Prior to testing positive for marijuana use, Ferguson participated in the Alaska Correctional Industries Program (ACI) at the Palmer Meat Packing Plant. *Id.* at 136. Participation in the program requires application and approval. *Id.* at 140. Participants are housed in special housing and receive up to $1.25 per hour in pay. *Id.* at 136. In *Ferguson*, we characterized the ACI program as a "rehabilitation program." *Id.* at 140.

Based on a positive EMIT test for marijuana use, Ferguson was found guilty of a High–Moderate Infraction and was dismissed from the ACI program. *Id.* at 136. As part of his penalty, he was required to perform "forty hours of free labor in the facility kitchen." *Id.* at 137. Unlike Ferguson, Hays was not denied all rehabilitative opportunities. Rather, he was transferred from one prison employment position to another. Thus, we conclude that there was no violation of Hays' right to rehabilitation and that in these circumstances he does not have an enforceable constitutional interest in continued employment as a prison librarian.

Alaska Statute 33.30.191 provides that prisoners "be productively employed for as many hours each day as feasible." The definition of "productive employment" in AS 33.30.191(d)(1) includes "routine maintenance and support services essential to the operation of a correctional facility." A paid employment position shoveling snow is within the definition of productive employment. Further, as a practical matter, the Department of Corrections must have the discretion to assign inmates to different prison employment positions as staffing needs require without conducting a hearing as to each contemplated transfer.

Given the absence of an issue of constitutional magnitude in the case at bar, we hold that the superior court did not err in dismissing Hays' appeal for lack of subject matter jurisdiction. Under *Carothers*, 784 P.2d at 660, Hays did not have a right to appeal his prisoner grievance to the superior court.

AFFIRMED.