**Bob OWEN, Appellant,**

v.

**Bert MATSUMOTO, Assistant Classification Officer, Alaska Department of Corrections, Time Accounting Task Force, State of Alaska, Appellees.**

**No. S–5271.**

Supreme Court of Alaska.

Oct. 1, 1993.

Bob Owen, pro se.

Michael J. Stark, Asst. Atty. Gen., and Charles E. Cole, Atty. Gen., Juneau, for appellees.

Before MOORE, C.J., RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

*OPINION*

COMPTON, Justice.

This case presents the question whether the superior court has appellate jurisdiction over a Department of Corrections (DOC) sentencing calculation. The superior court held it did not have such jurisdiction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 1992, Bob Owen submitted a letter to Bert Matsumoto, Assistant Classification Officer for DOC, explaining that DOC miscalculated his two sentences after he was resentenced in 1987.[1] Matsumoto responded that the Time Accounting Task Force determined that none of Owen's claims had merit.

Owen filed a notice of appeal in the superior court pursuant to Alaska Rules of Appellate Procedure 602(a)(2) and 602(b)(1), and AS 22.10.020(d).[2] The State moved to dismiss the appeal for lack of jurisdiction. Superior Court Judge Brian C. Shortell dismissed the appeal, stating that Owen's proper remedy for a miscalculation of his sentence was to file for post-conviction re-

---

1. In 1978, Superior Court Judge S.J. Buckalew sentenced Owen to 13 years with 3 years suspended for armed robbery. In 1983 Judge Buckalew sentenced Owen on a second robbery charge to a presumptive 15 years. In November 1987 Judge Buckalew resentenced Owen on the 1978 and 1983 cases because a prior suspended imposition of sentence, that did not result in a conviction of record, had been improperly used to enhance Owen's sentences. Judge Buckalew reduced Owen's 1978 sentence to 7 years and the 1983 sentence to a presumptive 10 years. Judge Buckalew did not clarify whether Owen had satisfied his 1978 sentence with the time

that he had served as of the date of resentencing.

2. Owen has filed an appeal of the superior court's refusal to clarify his sentence. *Owen v. State*, No. A-4708 (Alaska App., October 30, 1992). Owen also filed a civil action for declaratory relief that his sentence was miscalculated. *Owen v. Rupp*, No. 3PA-92-1353 Civ. (Alaska Super. December 7, 1992) However, the only question before the court at this time is whether the superior court has appellate jurisdiction over DOC calculations of sentences.

lief under Criminal Rule 35.1. This appeal followed.

## II. *DISCUSSION*

### A. STANDARD OF REVIEW

This appeal requires an interpretation of AS 22.10.020(d), which defines the superior court's appellate jurisdiction. On questions of statutory interpretation this court exercises its independent judgment. *Hertz v. Carothers*, 784 P.2d 659, 660 (Alaska 1990).

### B. THE SUPERIOR COURT DOES NOT HAVE APPELLATE JURISDICTION OVER A DEPARTMENT OF CORRECTIONS SENTENCE CALCULATION

Alaska Statutes 22.10.020(d) provides that the superior court has jurisdiction "in all matters appealed to it from a subordinate court, or an administrative agency when appeal is *provided by law.*" AS 22.-10.020(d) (emphasis added). In *Hertz*, we addressed whether the superior court has jurisdiction under AS 22.10.020(d) to review a DOC administrative decision. We held that the Administrative Procedure Act, AS 44.62.010–.650, does not provide an appeal from a DOC administrative decision. *Hertz*, 784 P.2d at 660. Nor did we find any other statutory provision providing for superior court review of a DOC administrative decision. *Id.* Thus there is no appeal provided for by law conferring jurisdiction on the superior court to hear Owen's appeal.

Nevertheless, Owen argues that his case falls under the exception created by *McGinnis v. Stevens*, 543 P.2d 1221 (Alaska 1975), and *Department of Corrections v. Kraus*, 759 P.2d 539 (Alaska 1988), which concluded that a superior court may exercise appellate review of inmate disciplinary proceedings raising fundamental constitutional questions. Owen claims that

the time calculation error has resulted in his serving a portion of his 1978 sentence twice, thereby violating the prohibition against multiple punishment in article I, Section 9 of the Alaska Constitution. Alaska Const. art I, § 9; *see* U.S. Const. amend. V.

The State argues that a superior court's appellate jurisdiction over DOC decisions is limited to major disciplinary decisions which involve issues of constitutional magnitude. In *Kraus*, we provided several reasons for allowing appellate review of major disciplinary proceedings where issues of constitutional magnitude are raised:

> First, in *McGinnis* we referred to the judicial review of major disciplinary proceedings as an appeal. Second, we agreed with that aspect of the superior court decision in *McGinnis* which stressed that the review would be based on the tape recording of the disciplinary proceedings. A review on the record, as distinct from the de novo reception of evidence, is characteristic of appeals. Third, this court has consistently shown a preference for reviewing adjudicative decisions of an administrative agency by means of an appeal.... Fourth, appellate review should be less expensive and time consuming than the proceedings suggested by the state, each of which entails discovery and evidentiary hearings.

*Kraus*, 759 P.2d at 540 (citations and footnotes omitted).

The State argues that in Owen's case, none of the reasons we gave in *Kraus* for permitting review by an administrative appeal is present. Specifically, the State argues that there is an inadequate record on which to provide review; therefore, the proper procedure for review of Owen's claim is pursuant to a request for post-conviction relief under Criminal Rule 35.1.[3]

---

**3.** Criminal Rule 35.1 reads in part:

Post-conviction Procedure.
  (a) Scope. Any person who has been convicted of, or sentenced for, a crime and who claims:

(1) that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of Alaska;
  ....
(5) that his sentence has expired, his probation, parole or conditional release have been

We agree. However, we do not hold that judicial review of DOC administrative decisions is limited to disciplinary actions. Any alleged violation of fundamental constitutional rights must be afforded judicial review. However, Owen has not shown that review by administrative appeal is the proper avenue for judicial review of an alleged miscalculation of his sentence. Owen has a right to have his sentence calculation reviewed, but not by way of appeal to the superior court.

## III. *CONCLUSION*

The superior court was correct in determining that this case does not fit the *McGinnis* and *Kraus* exceptions for judicial review by administrative appeal of major disciplinary proceedings involving fundamental constitutional rights. DOC calculations of sentences are not adjudicative proceedings producing records reviewable on an administrative appeal. The dismissal of Owen's appeal for lack of appellate jurisdiction is AFFIRMED.

---

unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

....

(7) ...; may institute a proceeding under this rule to secure relief.

(b) Not a substitute for Remedies in Trial Court—Replaces All Other Remedies for Challenging the Validity of a Sentence. This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. It is intended to provide a standard procedure for accomplishing the objectives of all of the constitutional statutory or common law writs.

Criminal Rule 35.1(b) does state that it "Replaces All Other Remedies for Challenging the Validity of a Sentence." The question whether Criminal Rule 35.1 is the only proper procedure is not before the court. We do note that Owen is not required to wait until he has been imprisoned longer than he should have been in order to challenge the sentence calculation under Criminal Rule 35.1. The sentence, if miscalculated, violates Owen's constitutional rights from the time of the calculation and he is entitled to have it corrected.