**Eric J. HOLDEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10073.**

Court of Appeals of Alaska.

Aug. 15, 2008.

Eric J. Holden, in propria persona, Wasilla, for the Appellant.

Susan S. McLean, Chief Assistant Attorney General, Criminal Division, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

This case is an appeal from the decision of the superior court in an administrative appeal (*i.e.*, an appeal to the superior court from the final decision of an administrative

agency). Under AS 22.05.010(c) and Alaska Appellate Rule 202(a), appeals of this nature are to be taken to the Alaska Supreme Court.

The Appellant, Eric J. Holden, initially filed his appeal in the supreme court. Soon after, however, the State filed a motion seeking transfer of Holden's appeal to this Court. The State's motion was granted by a single justice of the supreme court, and Holden's appeal was then docketed in this Court.

■ The transfer of Holden's appeal to this Court by a single member of the supreme court does not relieve this Court of its duty to examine whether we have jurisdiction to decide Holden's appeal. As we noted in *Higgins v. Briggs*, 876 P.2d 539, 541 (Alaska App.1994), an appellate court has both the authority and the obligation to determine whether particular litigation falls within its subject-matter jurisdiction.

As we explain more fully in this opinion, we conclude that we have no jurisdiction to decide Holden's appeal, and that we must transfer Holden's case to the appellate court that *does* have jurisdiction to decide his appeal: the Alaska Supreme Court.

*The background and procedural history of Holden's case*

In 1977, Eric J. Holden was convicted of assault with intent to commit rape under Alaska's former criminal code. The Alaska Supreme Court affirmed his conviction in *Holden v. State*, 602 P.2d 452 (Alaska 1979).

In June 2005, the Alaska Department of Public Safety notified Holden that the Department viewed his offense as an "aggravated sex offense" for purposes of the Sex Offender Registration Act (AS 12.63)—and that, as a consequence, Holden was required to register as a sex offender for life and report quarterly to the Department. *See* AS 12.63.020(a)(1)(A).

After he received this notification, Holden filed an appeal to the Commissioner of Public Safety. In this appeal, Holden contested the Department's conclusion that his offense was an "aggravated sex offense" within the meaning of the Sex Offender Registration Act.

Holden's argument was based on the wording of AS 12.63.100(1), the statute that defines "aggravated sex offense". In June 2005, the pertinent portion of that statute—subsection (C)—declared that the term "aggravated sex offense" meant

> a crime, or an attempt ... to commit a crime, under AS 11.41.410 [the first-degree sexual assault statute], AS 11.41.434 [the first-degree sexual abuse of a minor statute], or a similar law of another jurisdiction[.]

Holden noted that his offense was committed before Alaska's current criminal code took effect. That is, he was not prosecuted or convicted under AS 11.41.410, but rather under the now-repealed former AS 11.15.160 ("assault with intent to kill or commit rape or robbery").[1] For this reason, Holden argued that his offense did not qualify as an "aggravated sex offense" within the statutory definition just quoted.

On July 28, 2005, the Deputy Commissioner of Public Safety issued a written decision rejecting Holden's argument and affirming the Department's initial determination that Holden's offense was an "aggravated sex offense" for purposes of the registration act. In essence, the Deputy Commissioner concluded that even though the definition of "aggravated sex offense" listed only two Alaska criminal statutes (AS 11.41.100 and AS 11.41.434), the definition actually applied to all persons convicted of violating *any* Alaska criminal statute if the person's underlying conduct was similar to the conduct proscribed by either AS 11.41.100 or AS 11.41.434.

Twenty days later, Holden appealed the Commissioner's decision to the superior court. See AS 22.10.020(d)-(e) and Alaska Appellate Rule 601(b), which authorize the superior court to hear appeals from the final decisions of administrative agencies.

---

1. Former AS 11.15.160 provided: "A person who assaults another with intent to kill, or to commit rape or robbery upon the person assault- ed, is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year."

While Holden's appeal to the superior court was pending, the Alaska Legislature amended the definition of "aggravated sex offense". *See* SLA 2006, ch. 14, § 8. The 2006 amendment added the following language to AS 12.63.100(1)(C):

a crime, or an attempt ... to commit a crime, under AS 11.41.410 [the first-degree sexual assault statute], AS 11.41.434 [the first-degree sexual abuse of a minor statute], or a similar law of another jurisdiction *or a similar provision under a former law of this state* [.]

In other words, the legislature amended the statute to make the definition cover people in Holden's situation.

In May 2006, following the enactment of this amended definition of "aggravated sex offense", the superior court issued its decision in Holden's administrative appeal. Based on the recent amendment to the statute, the superior ruled that Holden's issue on appeal was now moot. In other words, the court concluded that it did not matter whether the statute, as formerly written, might not have applied to Holden—because the statute as currently written clearly *did* apply to him. On this basis, the superior court affirmed the Department's decision.

In addition, the superior court denied Holden's request for court-appointed counsel to help him prosecute the administrative appeal.

Following these two adverse rulings (the ruling that Holden's claim was moot, and the denial of his request for an attorney), Holden appealed the superior court's final decision to the Alaska Supreme Court. See AS 22.05.010(c) and Alaska Appellate Rule 202(a), which specify that the supreme court is the proper appellate court to hear appeals from the final decisions of the superior court in administrative appeals.

Holden's appeal was docketed in the supreme court as File No. S–12389. However, shortly after Holden's appeal was docketed, the State filed a motion to transfer his appeal to this Court.

In its motion, the State argued that this Court (rather than the supreme court) had jurisdiction over Holden's appeal. To support this jurisdictional argument, the State relied on this Court's decision in *State v. Beltz*, Alaska App. Memorandum Opinion No. 5079 (June 14, 2006), 2006 WL 1627913.

In *Beltz*, this Court ruled that we had jurisdiction to resolve a question concerning the application of the Sex Offender Registration Act that was raised in the context of a criminal prosecution, even though we acknowledged that sex offender registration is a civil regulatory matter rather than a criminal punishment. 2006 WL 1627913 at *1–2 (lead opinion) & *3–5 (Mannheimer, J., concurring).

Based on this Court's decision in *Beltz*, the State took the position that the supreme court was not the proper court to hear Holden's appeal of the superior court's decision in this case, and that Holden's appeal should be transferred to this Court. Holden opposed the State's motion, but he was representing himself and he was obviously at a disadvantage when trying to respond to the State's fairly technical argument. The State's motion was granted by a single justice of the supreme court, and Holden's case was transferred to this Court.

When Holden's case was sent to our Central Staff for screening and judicial assignment, the staff attorney who reviewed Holden's case perceived the jurisdictional problem and brought it to our attention. We then ordered the parties to file supplemental briefs on this jurisdictional question. Holden did not respond to our order, but the State filed a six-page brief on this issue.

In its brief, the State has backed away from its earlier position that this Court clearly is the court to hear Holden's appeal. Instead, the State acknowledges that there are reasons to believe that Holden's appeal should be decided by the supreme court. The State suggests, however, that it would be better to have a sole appellate court decide all issues relating to the sex offender registration laws. For this reason, the State asks us to issue an opinion or order identifying which appellate court—this Court or the Alaska Supreme Court—should handle these legal duties.

As we explain in the next section of this opinion, the State's proposal (to have one appellate court decide all issues relating to sex offender registration) is inconsistent with Alaska law. The jurisdiction of our state's two appellate courts is not defined by the types of legal issues presented in an appeal. Rather, the jurisdiction of the two appellate courts is defined by the type of proceeding that gives rise to the appeal. For this reason, the supreme court sometimes has jurisdiction over appeals where the primary issue is "criminal", and this Court sometimes has jurisdiction over appeals where the primary issue is "civil". This, in a nutshell, is why both appellate courts have in the past decided questions regarding Alaska's sex offender registration laws, and why both appellate courts will continue to decide questions concerning these laws.

*Why we lack jurisdiction to decide Holden's appeal*

█ Holden is appealing the final decision rendered by the superior court in an administrative appeal. The pertinent Alaska statutes and appellate rules specify that such appeals must be taken to the supreme court.

AS 22.05.010(c) declares that "[a] decision of the superior court on an appeal from an administrative agency decision may be appealed to the supreme court as a matter of right." Alaska Appellate Rule 202(a) contains the corollary that "[a]n appeal may be taken to the supreme court from a final judgment entered by the superior court ... in the circumstances specified in AS 22.05.010."

█ Both this statute and this rule use the word "may". But the statute and the rule are permissive only in the sense that it is up to the parties to decide whether to pursue an appeal. Once a litigant decides to appeal the superior court's decision, Alaska law does not give the litigant a choice as to whether the supreme court or this Court will hear the appeal. Moreover, we appellate courts have no choice in this matter either. Instead, the provisions of AS 22.05 and AS 22.07 specify whether the appeal will be heard by the supreme court or by this Court.

AS 22.05.010 declares that, even though the Alaska Supreme Court retains final appellate authority in all litigation conducted in the courts of this state, superior court litigants are not entitled to choose whether to file their appeals in the supreme court as opposed to the court of appeals. Rather, for all cases within the jurisdiction of the court of appeals, litigants are obliged to file their appeals in the court of appeals, and in all other cases, litigants are obliged to file their appeals in the supreme court.

Subsection (a) of AS 22.05.010 states that litigants have "only one appeal as a matter of right from an action or proceeding commenced in ... the superior court." And subsection (b) of the statute declares that litigants have a right to pursue an appeal in the supreme court "only in those actions and proceedings from which there is no right of appeal to the court of appeals under AS 22.07.020...."

In other words, a litigant's appeal will be heard by this Court—and not by the supreme court—if, under AS 22.07.020, the litigant has a right of appeal to this Court. In all other cases (that is, in all instances where a litigant has no right of appeal to this Court under AS 22.07.020), the litigant's appeal will be heard by the supreme court—and not by this Court.

█ When the legislature created this Court, the legislature declared in AS 22.07.020(a) that we would have appellate jurisdiction over certain specified types of superior court litigation. In particular, AS 22.07.020(a)(1) states that this Court has jurisdiction over all "actions and proceedings commenced in the superior court" that involve criminal prosecution, post-conviction relief, juvenile delinquency (including waiver of juvenile jurisdiction under AS 47.12.100), extradition, habeas corpus, probation and parole, and bail. For present purposes, the most important aspect of our jurisdictional statute is that it describes our jurisdiction in terms of the *types of litigation* that might give rise to an appeal, rather than in terms of the types of legal issues that we might have to decide.

From time to time, the types of litigation listed in AS 22.07.020(a) will give rise to

appeals (and petitions) which present issues that might normally be considered "civil".

For instance, in *Martin v. State*, 797 P.2d 1209 (Alaska App.1990), the issue was whether this Court had jurisdiction to hear the defendant's appeal of an order holding him in civil contempt for failing to furnish handwriting exemplars to the state troopers (pursuant to a search warrant authorizing the taking of these exemplars). The State argued that we had no jurisdiction to hear the defendant's appeal because the contempt action was civil rather than criminal. *Id.* at 1216–17. But this Court gave a broad construction to the phrase "involving ... criminal prosecution". We held that, because the civil contempt action arose out of a criminal prosecution, and because "judicial efficiency [would] be greatly promoted" if this Court heard the appeal, our acceptance of jurisdiction was "consistent with the legislative intent [behind] AS 22.07.020." *Id.* at 1217.

Similarly, in *Weidner v. State*, 764 P.2d 717, 719–21 (Alaska App.1988), this Court confirmed its jurisdiction to hear the appeal of an attorney who was subjected to civil fines for disobedience to court orders during a criminal trial.

Our decisions in *Martin* and *Weidner* can be viewed as examples of the rule identified by Judge Singleton in his concurrence in *Webber v. Webber*, 706 P.2d 329 (Alaska App. 1985): that when a criminal case involves civil or quasi-civil supplemental or ancillary proceedings, these proceedings "are really part and parcel" of the underlying criminal proceeding. *Webber*, 706 P.2d at 333. This conclusion is borne out by our decision in *R.I. v. State*, 894 P.2d 683 (Alaska App.1995).

The appellant in *R.I.* was adjudicated a juvenile delinquent. As one of the conditions of his probation, he was ordered to make restitution in the amount of approximately $3000. Later, because of various violations of his probation (including his failure to make restitution), the superior court revoked R.I.'s probation and institutionalized him. In addition, because it appeared likely that R.I. would remain institutionalized until the court's juvenile jurisdiction over him ended, the superior court entered a civil judgement against R.I. (in favor of the victims of his crimes) for the amount of the unpaid restitution.[2]

On appeal, we held that the superior court lacked authority to convert the restitution order into a civil judgement. We acknowledged that the superior court acted for the purpose of "ensur[ing] that R.I. eventually paid the restitution, even if payment did not occur until after R.I.'s release from juvenile supervision".[3] However, we held that "in attempting to achieve this goal, the [superior] court acted beyond its legal powers."[4]

Our decision in *R.I.* confirms the legal principle recognized in *Martin, Weidner,* and *Webber*: the principle that this Court has jurisdiction to decide appeals or petitions that raise issues that might be viewed as "civil", so long as these issues arise from the types of litigation listed in our jurisdictional statute.

■ On the other hand, the fact that the matter being litigated involves a question of criminal procedure, or hinges on the interpretation of a criminal statute, or arises as a consequence of a criminal conviction, does not necessarily mean that this Court has jurisdiction over the appeal. Indeed, the Alaska Supreme Court has repeatedly adjudicated issues that are primarily "criminal" when those issues arose in the types of legal proceedings that are directly appealable to the supreme court.

Here are several examples from the last three years: *State of Alaska & Alaska Office of Victims' Rights v. Murtagh et al.*, 169 P.3d 602 (Alaska 2007) (construing and adjudicating the constitutionality of various provisions of the Victims' Rights Act governing defense attorneys and defense investigators); *Gabrielle v. Dept. of Public Safety*, 158 P.3d 813 (Alaska 2007) (interpreting various statutes that limit or prohibit a felon's possession of a concealable firearm); *Hartman v. Division of Motor Vehicles*, 152 P.3d 1118 (Alaska 2007) (adjudicating the lawfulness of an in-

---

**2.** *R.I.,* 894 P.2d at 684.

**3.** 894 P.2d at 685.

**4.** *Id.*

vestigative stop); *Cooper v. Cooper,* 144 P.3d 451 (Alaska 2006) (interpreting the elements of the offenses of stalking and violating a protective order); *Crawford v. Kemp,* 139 P.3d 1249 (Alaska 2006) (adjudicating the lawfulness of an arrest for disorderly conduct); *Saltz v. Division of Motor Vehicles,* 126 P.3d 133 (Alaska 2005) (adjudicating the lawfulness of an investigative stop for driving under the influence).

In fact, on July 25th of this year, the Alaska Supreme Court issued an opinion deciding the question of whether the Sex Offender Registration Act imposes a "punishment" for purposes of the Alaska Constitution's *ex post facto* clause (Article I, Section 15). See *Doe v. State,* 189 P.3d 999 (2008).

In *Doe,* the supreme court held that sex offender registration is punishment for *ex post facto* purposes—and, thus, the registration requirement can not lawfully be imposed on a defendant whose offense predates the enactment of the registration law. Because the supreme court's decision in *Doe* appears to require reversal of the superior court's underlying decision in this case, we will speak more of the *Doe* decision later. For present purposes, however, *Doe* is important because it provides yet another illustration that the Alaska Supreme Court will decide "criminal" issues if those issues are presented in the types of civil litigation that are appealable to that court.

We addressed this division-of-jurisdiction issue in *Higgins v. Briggs,* 876 P.2d 539 (Alaska App.1994). *Higgins* involved a prisoner who sought judicial review of the Department of Corrections' decision to take away his good time credit for alleged misbehavior. After the superior court denied relief, Higgins filed an appeal in this Court. We ruled that the underlying superior court litigation should have been filed as an administrative appeal. *Id.* at 542. We further ruled that, because the underlying superior court litigation should have been treated as an administrative appeal, Higgins's appeal of the superior court's decision should have been taken to the supreme court under AS 22.05.010(c). Thus, we concluded that we did not have jurisdiction to hear Higgins's appeal

of the superior court's decision. *Id.* at 543–44.

It is true that this Court has previously decided issues involving the proper interpretation and application of Alaska's sex offender registration laws. See *State v. Beltz,* Alaska App. Memorandum Opinion No. 5079 (June 14, 2006), 2006 WL 1627913; *State v. Otness,* 986 P.2d 890 (Alaska App.1999). It is also true that the duty to register as a sex offender arises as a consequence of a criminal conviction.

But the reason this Court had jurisdiction over the appeals in *Beltz* and in *Otness* is not that sex offender registration is "quasi-criminal", or that the requirement of sex offender registration arises as a consequence of a criminal conviction. Rather, our jurisdiction in *Beltz* and *Otness* was based on the fact that both cases were appeals from orders entered in criminal prosecutions. If these same legal issues had arisen in appeals of final decisions issued by the superior court in administrative appeals (or in any other type of civil litigation where the parties have a right of appeal to the supreme court), this Court would have lacked jurisdiction over the appeals despite the "quasi-criminal" nature of the issues raised.

In Holden's case, the decision being appealed is the final decision issued by the superior court in an administrative appeal. AS 22.05.010(c) declares that this type of appeal must be pursued in the supreme court, and *Higgins v. Briggs* squarely holds that this Court has no jurisdiction to hear this type of appeal.

Nevertheless, when a litigant has a right of appeal (as Holden does in this case), and the problem is that the appeal has been filed in the wrong appellate court (*i.e.,* filed in the appellate court that lacks jurisdiction over the appeal), AS 22.05.015(c) declares that the appeal "[must] not be dismissed". Rather, "[t]he case shall be transferred to the proper court."

Accordingly, we TRANSFER Holden's appeal to the Alaska Supreme Court. The Clerk of the Appellate Courts is directed to re-open File No. S–12389.

The decision to transfer this case to the supreme court would normally be our final word in an appeal. However, we would be remiss if we did not alert the parties to the fact that the supreme court's recent decision in *Doe*—*i.e.*, the decision that sex offender registration is a "punishment" for purposes of our state constitution's *ex post facto* clause—means that the superior court's decision in Holden's case was wrong.

As explained above, Holden argued to the superior court that his offense (assault with intent to commit rape under Alaska's former criminal code) was not covered by the definition of "aggravated sex offense" codified in the former version of AS 12.63.100(1). The superior court ruled that Holden's claim was moot—because, while Holden's litigation was pending, the legislature amended the definition of "aggravated sex offense" so that it now applies to offenses committed under Alaska's former criminal code.

The underlying legal premise of the superior court's ruling is that the new version of the statute (the version enacted while Holden was litigating in the superior court) can lawfully be applied to Holden. But in *Doe*, the Alaska Supreme Court declared that this premise is wrong. The supreme court held that sex offender registration is a form of punishment for *ex post facto* purposes, and thus the registration requirement can not be imposed on defendants whose sexual offense pre-dates the enactment of the law.

Because the Sex Offender Registration Act was first enacted in 1994,[5] and because Holden's offense was committed in the mid–1970s,[6] it appears that Holden is exempt from the registration requirement. And certainly, with respect to the precise issue litigated in the superior court in this case, Holden is exempt from the expanded definition of "aggravated sex offense" that the legislature enacted after Holden initiated his administrative appeal.

Because of this, the parties may wish to discuss whether this case can be resolved in the superior court without the necessity of an appeal to the supreme court.

---

5. *See* SLA 1994, ch. 41, § 4.

6. *See Holden v. State*, 602 P.2d 452 (Alaska 1979).