William A. RUST, Appellant,

v.

STATE of Alaska, Appellee.

No. 3172.

Supreme Court of Alaska.

Sept. 15, 1978.

Craig M. Cornish and Robert H. Wagstaff, Anchorage, for appellant.

Dean J. Guaneli, Asst. Atty. Gen., Juneau, Ivan Lawner, Asst. Atty. Gen., Anchorage, Daniel W. Hickey, Chief Prosecutor, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION ON REHEARING

RABINOWITZ, Justice.

In its petition for rehearing, the state takes exception to this court's discussion of Rust's claim that he was entitled to receive treatment for his dyslexic condition. The crux of the state's position in its petition for rehearing is that the superior court, sitting as a sentencing court, lacked jurisdiction to inquire into treatment decisions of the Division of Corrections, particularly in the procedural context of a Criminal Rule 35(a) motion.[1]

In support of this contention, the state argues that the issues in the instant case do not involve any general claims of inmates to the right to treatment in the absence of specific sentencing recommendations. The state further contends that the issues do not concern the general power of the judiciary, in an appropriate civil proceeding, to inquire into a prisoner's claim that constitutional or statutory rights to treatment are being violated.

Concerning the proper procedure for raising questions relating to conditions of inmate confinement, the state takes the following position:

> The appropriate procedures for appellant to have used to obtain the relief requested would have been a separate civil proceeding for declaratory or injunctive relief, a petition for a writ of habeas corpus or an action under criminal rule 35(b).[2]

We are in agreement with the state's assertion that Criminal Rule 35(a) is not the appropriate procedural vehicle to seek relief as to conditions within custodial institutions or the civil rights of inmates. Thus, all future proceedings required pursuant to our remand under our original opinion are to be conducted as if Rust had instituted an independent civil action seeking treatment for his dyslexic condition.[3]

---

1. Criminal Rule 35(a) provides:

 *Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief.

2. The quotation is taken from the text of the state's original brief in this appeal. The quoted text was accompanied by the following footnote:

 A proceeding under Rule 35(b) is similar to a habeas corpus suit or an action under 28 U.S.C. § 2255, *Donnelly v. State,* 516 P.2d 396, 398 (Alaska 1973); *Merrill v. State,* 457 P.2d 231, 234–35 (Alaska 1969). As such, it is an independent civil action. *See* AS 12.-

75.010; Alaska Rules of Civil Procedure 86; *Heflin v. United States,* 358 U.S. 415, 418, n.7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Wright & Miller, *Federal Practice and Procedure,* Criminal: §§ 583, 590, 601 at pages 564, 580, 639 (1969). Moreover, as in other civil actions, in a Rule 35(b) proceeding the State files a responsive pleading or motion and has the opportunity for full pretrial discovery. *See* Rule 35(g) and (h).

3. Implicit in our disposition of the state's petition for rehearing is our rejection of the state's assumption that "the issue of conditions of confinement was subsumed in the issue of the place of confinement since placement and treatment are, conceptually and administratively, often inextricably entwined."

 We await a more appropriate occasion to address the question of whether the type of relief sought by Rust can be obtained through a

proceeding instituted under Criminal Rule 35(b).

Rule 35(b) provides:

*Post Conviction Procedure—Scope.* Any person who has been convicted of, or sentenced for, a crime and who claims:

(1) that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of Alaska;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release have been unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground or alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy; or

(7) that there has been a significant change in law, whether substantive or procedural, applied in the process leading to applicant's conviction or sentence, when sufficient reasons exist to allow retroactive application of the changed legal standards;

may institute a proceeding under this rule to secure relief.