STATE of Alaska, Appellant,

v.

Timothy HISER, Appellee.

Court of Appeals of Alaska.

No. 1492.

Oct. 11, 1996.

John K. Bodick, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Tim Jannott, Stepovich, Kennelly, & Stepovich, Anchorage, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

MANNHEIMER, Judge.

Under the terms of a plea bargain, Timothy Hiser was convicted of unsworn falsification and sentenced to a year in prison. Because Hiser suffers from certain psychiatric conditions, the superior court included the following provision in its sentencing order:

> IT IS FURTHER ORDERED that [the Fairbanks Correctional Center] is to provide the defendant with [the] medication that was ordered by [Hiser's personal physician] unless [the Department of Corrections] can show good cause why they should not provide it.

The State of Alaska appeals this provision of the judgment.

The State concedes that Hiser would be able to file a civil action against the Department of Corrections if he believed that he was not receiving adequate medical or psychiatric attention in prison. However, the State argues that the superior court has no authority to enter an order dealing with a prisoner's medical care as part of its sentence in a criminal case. We agree.

As the State points out in its brief, a similar issue arose in *LaBarbera v. State*, 598 P.2d 947 (Alaska 1979). LaBarbera was sentenced to a 15-year term of imprisonment. He asked the superior court to order the Department of Corrections to furlough him to a particular treatment center after he had served 3 years of this 15-year sentence. LaBarbera desired this furlough so that he could participate in a 2-year rehabilitative program offered by the halfway house. LaBarbera wanted the furlough to begin when he had served 3 years in prison so that he could complete the 2-year program by the time he was eligible for parole (i.e., after he had served one third of his sentence).

The superior court ruled that it had no authority to grant LaBarbera's request, and

the supreme court upheld that ruling on appeal. The supreme court noted that it had already ruled that a sentencing court has no authority to order the Department of Corrections to place a sentenced prisoner in any particular correctional facility. *Rust v. State,* 582 P.2d 134, 138, *modified on rhrg.,* 584 P.2d 38 (Alaska 1978). Explaining this limitation on a sentencing court's power, the court in *Rust* stated:

> This conclusion reflects the principles which govern the powers of Alaska's judiciary in relation to those of the executive.... When an act is committed to executive discretion, the exercise of that discretion within constitutional bounds is not subject to the control or review of the courts. To interfere with that discretion would be a violation of the doctrine of separation of powers.

*Rust,* 582 P.2d at 138 n. 11 (quoting *Public Defender Agency v. Superior Court, Third Judicial District,* 534 P.2d 947, 950 (Alaska 1975).

Elaborating on its ruling in *Rust,* the *LaBarbera* court declared:

> In *Rust* we recognized a prisoner's right to necessary medical services, including psychological and psychiatric treatment, and [we also recognized] the authority of the judiciary to enforce that right upon a proper showing in an independent civil action. 584 P.2d at 39. Subsequently, in *Abraham v. State,* 585 P.2d 526 (Alaska 1978), *Rust* was extended to encompass a prisoner's right to a rehabilitation program under article I, section 12, of the Alaska Constitution and AS 33.30.020. However, our recognition of the right to rehabilitation does not imply that a court at the time sentence is pronounced has the authority to designate a particular facility for incarceration of the defendant or a particular program for his rehabilitation. It is only after a demonstrated failure to provide an appropriate rehabilitation program that judicial intervention is proper. Thus the superior court in this case correctly concluded that it could not grant the relief requested in LaBarbera's motion for modification of sentence.

*LaBarbera,* 598 P.2d at 949 (footnote omitted).

In support of the superior court's order in the present case, Hiser relies on Article I, Section 12 of the Alaska Constitution, which provides: "Criminal administration shall be based on the following: the need for protecting the public, community condemnation of the offender, the rights of victims of crimes, restitution from the offender, and the principle of reformation." Hiser argues that it was the superior court's duty to impose a sentence that would, if possible, advance Hiser's rehabilitation. *See State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970). Hiser further argues that, because he suffers from mental illness, his successful rehabilitation necessarily depends upon his receiving psychotropic medication. Thus, Hiser continues, the superior court had the authority to order the Department of Corrections to provide Hiser with the medications recommended by Hiser's psychiatrist.

■ However, *Rust* and *LaBarbera* clearly hold that even though a prisoner has a constitutional right to medical care and to rehabilitative treatment, a sentencing court has no power to issue a criminal judgment that dictates the particulars of a prisoner's care and/or treatment. These matters are entrusted in the first instance to the discretion of the Department of Corrections. If a prisoner believes that the Department has abused that discretion, he or she can bring suit against the Department to correct the situation. But the superior court has no authority to tell the Department in advance how it shall care for its sentenced prisoners. *Rust,* 582 P.2d at 138 & n. 11; *LaBarbera,* 598 P.2d at 949.

Even though the State relies on *Rust* and *LaBarbera,* Hiser's brief contains no discussion of these two cases. In fact, Hiser fails to mention these cases at all. Hiser's pointed refusal to address controlling decisions of

the supreme court must be interpreted as a tacit concession that *Rust* and *LaBarbera* are dispositive of his case.[1]

The challenged portion of the superior court's judgment is VACATED.[2]

1. We express no opinion on a trial court's authority to issue orders regarding a prisoner's psychiatric treatment pending sentencing. We likewise express no opinion on a trial court's authority to order continuing treatment of a newly incarcerated prisoner until the Department of Corrections is able to conduct its own evaluation of the prisoner's medical needs.

2. The State separately challenges the superior court's authority, after imposing sentence, to order the Department of Corrections to transport Hiser to hospitals or other medical offices where he was to be evaluated by a private physician. Because the superior court's transportation orders were predicated on the now-vacated provision of the criminal judgment, we agree with the State that the transportation orders should not have been issued. We express no opinion on the court's authority to issue prisoner transportation orders in connection with the evaluation and treatment of a defendant incarcerated pending trial or sentencing.