**Sidney R. HERTZ, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8422.

Court of Appeals of Alaska.

Jan. 9, 2004.

---

Sidney R. Hertz, pro se, Juneau, for Appellant.

Marilyn J. Kamm, Assistant Attorney General, Department of Law, Criminal Division, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, STEWART, Judge, and JOANNIDES, Superior Court Judge.*

### *OPINION*

COATS, Chief Judge.

Sidney R. Hertz filed an application for post-conviction relief in which he claimed that the Alaska Department of Corrections failed to provide him with the proper equipment to draft pleadings and with the proper medical and dental care. Hertz also claimed that the Department of Corrections instituted administrative disciplinary proceedings against him in retaliation for filing his application. Superior Court Judge Peter A. Mi-

chalski denied Hertz's application. Hertz appeals Judge Michalski's rulings to this court. We conclude we do not have jurisdiction to decide Hertz's appeal.

### *Factual and procedural background*

In 1984, Hertz was convicted of second-degree murder and sentenced to a 40–year term.[1] On direct appeal, Hertz challenged his conviction and sentence, and we affirmed the superior court.[2] Hertz then filed several applications for post-conviction relief. We affirmed the superior court's dismissal of these applications.[3]

In February 2002, Hertz filed his most recent application for post-conviction relief. In this application, Hertz makes several claims and argues that he is entitled to relief under AS 12.72.020(c). First, Hertz claims that the Alaska Department of Corrections has failed to provide him with a properly functioning electronic legal typewriter as well as low-cost typing paper to use with the typewriter. Associated with this claim is Hertz's allegation that the law library where the typewriter is located presents a safety hazard because of its lack of readily accessible emergency exits.

Second, Hertz claims that the Department of Corrections has provided him with substandard medical and dental care which has allegedly caused him a variety of physical problems ranging from loss of teeth to high blood pressure, strokes, and prostate cancer. Hertz also alleges that due to a change in Department of Corrections policy, the department is now requiring him to pay for some of his medical and dental treatment.

Third, Hertz claims that as a result of complaining about the prison law library to

---

* Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution.

1. The procedural history can be found in *Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 4586 (June 19, 2002), 2002 WL 1333029.

2. *Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 1225 (Sept. 10, 1986).

3. *See, e.g., Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 4713 (June 4, 2003), 2003 WL 21282168; *Hertz v. State*, Alaska

App. Memorandum Opinion and Judgment No. 4664 (Feb. 12, 2003), 2003 WL 294408; *Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 4506 (Nov. 28, 2001), 2001 WL 1518771; *Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 3880 (Sept. 2, 1998), 1998 WL 557611; *Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 3069 (Jan. 11, 1995); *Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 2477 (July 29, 1992); *Hertz v. State*, Alaska App. Memorandum Opinion and Judgment No. 2358 (Feb. 19, 1992).

the Department of Corrections and as a result of filing his most recent application for post-conviction relief, the Department of Corrections retaliated against him by instituting a disciplinary action against him. The Department of Corrections disciplinary committee concluded that Hertz took, among other things, extra towels and condiments to his room in violation of 22 AAC 05.400(d)(7). The committee sentenced Hertz to the standard punishment of 10 days of segregation. Hertz appealed to the superintendent, who upheld the committee's findings. (Hertz did not allege in any of his filings before the Department of Corrections that the disciplinary proceeding was in response to his filing an application for post-conviction relief.) Hertz also alleged that the Department of Corrections retaliated against him by failing to promptly provide him a return mail receipt for certain mailings.

On June 12, 2002, Hertz filed a motion to amend his application. In his amended application, Hertz did not raise any new issues.

Hertz also filed a request for court-appointed counsel and filed a motion requesting that Judge Michalski recuse himself because Judge Michalski had worked for the Office of Special Prosecutions and Appeals and apparently was involved in Hertz's prosecution eighteen years earlier.

On June 17, 2002, the State filed a motion to dismiss Hertz's application on the grounds that it failed to state a claim for which the superior court could grant relief and because the superior court lacked appellate jurisdiction to consider the claims raised in the application.

Judge Michalski declined to recuse himself because the matter before the court was not related to Hertz's conviction and sentence, but rather involved a new claim that the Department of Corrections is violating his right "to prepare legal pleadings and to medical and dental necessities." Judge Michalski denied Hertz court-appointed counsel. Judge Michalski also denied Hertz's motion to amend his application, concluding that the attempted amendment challenged a post-sentencing disciplinary decision of the Depart-

ment of Corrections and as such was not the appropriate subject matter for an application for post-conviction relief. Judge Michalski granted the State's motion to dismiss Hertz's application because it did not involve subject matter that was cognizable under a post-conviction relief proceeding and because there were no fundamental constitutional rights at issue.

Hertz appeals Judge Michalski's rulings.

*This court does not have jurisdiction over Hertz's appeal*

■ Hertz argues that he is entitled to bring an action for post-conviction relief under AS 12.72.020(c)(1) because his claims are based on a final administrative decision of the Department of Corrections.

Alaska Statute 12.72.010 provides for post-conviction relief and sets out the following limitations on applications for post-conviction relief.

(c) Notwithstanding (a)(6) of this section, [prohibiting filing an application for post-conviction relief if the applicant has filed a previous application] a court may hear a claim based on a final administrative decision of the Board of Parole or the Department of Corrections if

(1) the claim was not and could not have been challenged in a previous application for post-conviction relief filed under this chapter or under the Alaska Rules of Criminal Procedure; and

(2) a previous application for post-conviction relief relating to the administrative decision has not been filed under this chapter or under the Alaska Rules of Criminal Procedure.

Hertz argues that AS 12.72.020(c) gives this court jurisdiction to decide his claim.

The court of appeals is a statutory court with limited jurisdiction.[4] Our jurisdiction is set in AS 22.07.020. In general, that statute gives us jurisdiction over criminal cases. In particular, the statute provides that we have

4. AS 22.07.010.

jurisdiction in matters involving post-conviction relief.[5]

Alaska Statute 12.72.010 is the statute that provides for post-conviction relief. That statute provides for post-conviction relief in matters affecting a defendant's conviction and sentence. The statute does not discuss conditions of incarceration or prison disciplinary matters as within the scope of a post-conviction relief action. It therefore does not appear to us that the post-conviction relief statute is intended to apply to the matters that Hertz raises.

Furthermore, since this court's inception in 1980, appeals of administrative decisions of the Department of Corrections involving prison conditions and prison disciplinary matters have gone to the Supreme Court of Alaska. In *Rust v. State*,[6] the supreme court concluded that a prisoner had a right to institute "an independent civil action seeking treatment for his dyslexic condition."[7] The court declined to determine whether a prisoner could also raise such claims in an application for post-conviction relief.[8] But subsequent cases have made clear that administrative appeals that deal with a defendant's conditions of imprisonment or prison disciplinary matters must go to the supreme court, not this court.

In *Department of Corrections v. Kraus*,[9] two prisoners were sanctioned by a prison disciplinary committee. After exhausting their remedies within the prison system, they filed an administrative appeal in the superior court. The State argued that the action of the Department of Corrections was not appealable and that the courts lacked jurisdiction to decide the appeal. The supreme court granted the State's petition for review on this issue. The supreme court held that the state courts had jurisdiction to review the Department of Corrections's action to determine whether the defendants had received fundamental due process.[10] The supreme court specifically rejected the State's suggestion that any review of the Department of Corrections's decision should be conducted as a post-conviction relief action.[11] The court stated that the proper procedural vehicle was an appeal of the administrative decision rather than an application for post-conviction relief.

In *Higgins v. Briggs*[12] we followed *Kraus* stating:

> Under AS 22.05.010(a), "a party has only one appeal as a matter of right from an action or proceeding commenced in either the district court or the superior court." And AS 22.05.010(c) declares that "decision[s] of the superior court on an appeal from an administrative agency may be appealed to the supreme court as a matter of right." From these two statutory provisions, it follows that if a party wishes to exercise the right of appeal from the superior court's decision of an administrative appeal, the party must take that appeal to the supreme court, not to this court. This is, in fact, where such appeals have gone since this court was established in 1980.[13]

We therefore conclude that we do not have jurisdiction over Hertz's appeal. Hertz is appealing the actions of the Department of Corrections in an administrative appeal. The matters that he raises involve his conditions of confinement and prison disciplinary matters. The supreme court and this court have previously determined that the supreme court has jurisdiction over these matters. The legislature does not appear to have intended to modify this court's jurisdiction by passing AS 12.72.020(c). We have examined the legislative history, and there is no indication that this was the legislature's intent. Furthermore, AS 12.72.010, which sets out the scope of post-conviction relief, does not appear to apply to administrative appeals

---

5. AS 22.07.020(a)(2).

6. 584 P.2d 38 (Alaska 1978).

7. *Id.* at 39.

8. *Id.* at 39 n. 3.

9. 759 P.2d 539 (Alaska 1988).

10. *Id.* at 541.

11. *Id.* at 540.

12. 876 P.2d 539 (Alaska App.1994).

13. *Id.* at 540.

from Department of Corrections's decisions concerning conditions of incarceration or prison disciplinary matters. Alaska Statute 12.72.020(c) appears to apply to claims that more directly affect a prisoner's conviction and sentence, such as whether the Department of Corrections correctly interpreted the length of a prisoner's sentence or properly computed the amount of good time to which the prisoner was entitled. These matters would fall under the scope of an application for post-conviction relief and this court would have jurisdiction over these matters. But this court does not have jurisdiction over the issues that Hertz is raising. We accordingly DISMISS Hertz's appeal on the ground that we do not have jurisdiction to decide it.

MANNHEIMER, Judge, not participating.