**STATE of Alaska, DEPT.
OF CORRECTIONS,
Appellant,**

**v.**

**Richard E. LUNDY Jr., Richard
J. Callahan, and Donald J.
Chase, Appellees.**

Nos. A–9493, A–9494, A–9836.

Court of Appeals of Alaska.

July 18, 2008.

---

**38.**  *Rodvik v. Rodvik*, 151 P.3d 338, 351 (Alaska 2006) (quoting *Lone Wolf v. Lone Wolf*, 741 P.2d 1187, 1192 (Alaska 1987)).

Dean J. Guaneli, Special Assistant Attorney General, Marilyn J. Kamm, Assistant Attorney General, Criminal Division Central Office, and Talis J. Colberg, Attorney General, Juneau, for the Appellant.

Daniel Lowery, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Appellee Lundy.

No appearance for Appellee Callahan.

Brian T. Duffy, Assistant Public Advocate, and Joshua Fink, Public Advocate, Anchorage, for Appellee Chase.

Jason Brandeis, Anchorage, for Amicus Curiae American Civil Liberties Union of Alaska Foundation.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *OPINION*

COATS, Chief Judge.

The three defendants—Richard E. Lundy Jr., Richard J. Callahan, and Donald J. Chase—were each convicted of offenses related to the sexual abuse of a minor and sentenced to prison. As part of the sentencing order in each case, and over the objections of the State, the superior court ordered the Department of Corrections to "provide meaningful sex offender treatment" to each defendant while he is incarcerated.

The State objected to this provision of the sentencing orders because the Department of Corrections has decided to stop offering sex offender treatment to offenders while they are incarcerated. The Department concluded that in-prison treatment was not effective, and that the Department's efforts should instead concentrate on after—prison treatment—consisting of an extensive evaluation of sex offenders shortly before they are released from prison, followed by close supervision of these offenders during their parole and probation.

The superior court overruled the State's objections to the disputed sentencing provision because the court concluded that the Department's decision to abandon in-prison treatment of sex offenders violated the three defendants' right to treatment under the Alaska Constitution. The State now appeals the superior court's decision on two grounds.

First, the State argues that the superior court lacked subject matter jurisdiction to adjudicate this issue in the context of a crimi-

nal sentencing. Relying on prior decisions of the Alaska Supreme Court, the State argues that the legality of the Department's treatment decision must be litigated in a civil lawsuit.

Second, the State argues that, even if the superior court had the authority to decide the treatment issue as part of a criminal sentencing, the superior court was wrong when it concluded that the Department's decision violated the defendants' right to rehabilitation.

We agree with the State that the superior court lacked subject matter jurisdiction to decide this issue as part of its sentencing order in a criminal case. Accordingly, we need not reach the issue of whether the Department's decision violated the defendants' constitutional right to rehabilitation.

*Why we conclude the superior court did not have authority to decide this issue in the context of a criminal sentencing*

In *Rust v. State*,[1] the Alaska Supreme Court held that prisoners in the custody of the Department of Corrections have the right to receive treatment for their serious medical needs.[2] The supreme court declared that this right stems from the *parens patriae* obligation of the state government to adequately care for those in its custody, as well as the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution.[3]

Three months later, in *Abraham v. State*,[4] the supreme court extended *Rust* by holding that article 1, section 12 of the Alaska Constitution guarantees prisoners the right to receive rehabilitative treatment.[5] (In *Abra-*

*ham*, the issue was the defendant's right to receive treatment for his alcoholism.)

In the present appeal, the superior court relied on this constitutional right to receive rehabilitative treatment as its authority for issuing the sentencing orders at issue in this appeal—the sentencing orders that directed the Department of Corrections to provide in-prison sex offender treatment to the three defendants.

But the superior court's action contravenes another aspect of the Alaska Supreme Court's decision in *Rust.*

After the supreme court issued its initial opinion in *Rust*, the State petitioned for rehearing. In its petition, the State asked the court to clarify the procedures to be followed when a prisoner wishes to assert that the Department of Corrections is denying his constitutional right to treatment. The supreme court responded with a separate opinion on rehearing: *Rust v. State (II).*[6]

In *Rust II*, the supreme court declared that issues of prisoner treatment should not be litigated under Alaska Criminal Rule 35(a), the rule that governs motions for correction of a sentence.[7] Instead, the supreme court directed that all future proceedings in Rust's case "[should] be conducted as if Rust had instituted an independent civil action [against the Department of Corrections] seeking treatment."[8]

In an accompanying footnote, the supreme court declared that it would "await a more appropriate occasion" to decide whether such claims could be pursued in "a proceeding instituted under [former] Criminal Rule 35(b)"-that is, in a post-conviction relief proceeding.[9] But as this court explained in

---

1. 582 P.2d 134 (Alaska 1978).

2. *Id.* at 143.

3. *Id.* at 139–42.

4. 585 P.2d 526 (Alaska 1978).

5. *Id.* at 531–33. Article I, section 12 of the Alaska Constitution states: "Criminal administration shall be based upon ... the need for protecting the public, community condemnation of the offender, the rights of victims of crimes,

restitution from the offender, and the principle of reformation."

6. 584 P.2d 38 (Alaska 1978).

7. *Id.* at 39. *See also LaBarbera v. State*, 598 P.2d 947, 949 (Alaska 1979) (holding that right-to-treatment claims could not be raised in a motion for modification of a criminal sentence).

8. *Rust II*, 584 P.2d at 39.

9. *Id.* at 39 n. 3.

*Hertz v. State,*[10] subsequent cases in this area have clarified that litigation dealing with a defendant's conditions of imprisonment is civil in nature, and that appeals in such litigation "must go to the supreme court, not this court."[11]

■ Our decision in *Hertz* is an implicit rejection of the supreme court's earlier suggestion in *Rust* that claims involving the right to treatment might potentially be raised in a petition for post-conviction relief. Under this court's jurisdictional statute, AS 22.07.020(a), appeals in post-conviction relief cases come to this court, not the supreme court—a result that is the opposite of the rule we recognized in *Hertz*. Thus, we conclude, or rather confirm, that the proper method for litigating right-to-treatment claims is the procedure adopted by the supreme court in *Rust II:* an independent civil action against the Department.

In the present case, when the State objected to the superior court's contemplated sentencing order, the superior court acknowledged that *Rust* appeared to require separate civil litigation. However, the court concluded that compliance with *Rust* would be unduly cumbersome and time-consuming. In particular, the superior court feared that, by the time a prisoner was able to establish a need for rehabilitative treatment in a civil lawsuit, the prisoner's sentence of imprisonment might well be over—and, thus, the prisoner would never receive the rehabilitative treatment guaranteed by the Alaska Constitution.

This consideration might be a reasonable objection to the supreme court's holding in *Rust II*—but it does not give the superior court the authority to ignore the supreme court's holding. Moreover, in terms of practical reality, there is much to commend the supreme court's resolution of this procedural issue.

■ For example, in the present case, the underlying legal question does not hinge on the particular treatment needs of the three defendants whose names appear in the caption. Rather, the question is whether the Department of Corrections can properly decide to cease providing in-prison sex offender treatment for any and all defendants. This is the kind of issue that should be litigated as a class action, rather than being litigated on a case-by-case basis at the sentencing hearings of individual sex offenders-so that both the Department and the prisoners receive one consistent judicial answer to the question posed.

In addition, the superior court's decision to resolve this issue in separate, individual sentencing proceedings has another disadvantage: the superior court's directive to the Department will end when these three specific defendants leave prison or, for some other reason, are no longer interested in enforcing the court's decision.

In the present case, one of the defendants-Donald Chase-has already announced that he has no intention of seeking enforcement of the superior court's order. In fact, Chase does not wish to receive sex offender treatment while he is incarcerated. (In other words, although Chase is an appellee in this case, he is in fact aligned with the State on this issue.)

And this court was informed, shortly before oral argument in this case, that another of the defendants—Richard Lundy—has finished serving his sentence and has been released. Thus, the superior court's order is moot in his case.

This leaves only one defendant—Richard Callahan. According to what this court was told at oral argument, Callahan wishes to enforce the superior court's order—but only if it means that he can stay at Lemon Creek (i.e., the prison in Juneau). If the Department were to establish a sex offender treatment facility at another prison, and if the Department were then to transfer Callahan to that other prison to comply with the superior court's order, Callahan would apparently waive his right to treatment and fight the transfer.

■ All of this merely highlights the underlying problem with the superior court's

---

**10.** 81 P.3d 1011 (Alaska App.2004).

**11.** *Id.* at 1014.

approach. Even if all three defendants wanted to enforce the superior court's order, these three defendants would eventually complete their sentences and be released. There would then be no one with standing to insist on enforcement of the superior court's order. If, indeed, the superior court is correct that sex offenders have a constitutional right to treatment while they are in prison, the way to enforce that right is to have an ongoing civil judgment against the Department.

For these reasons, we agree with the State that, under Alaska law, the underlying issue presented in this case—the issue of whether defendants have a constitutional right to receive sex offender treatment while in prison—must be litigated in a civil lawsuit brought against the Department of Corrections. The superior court had no authority to litigate this issue in the three defendants' sentencing proceedings.

Because the superior court had no subject matter jurisdiction to decide this issue, the superior court's directive to the Department of Corrections is void.[12] The contested provision must be deleted from the three defendants' criminal judgments.

*Why we uphold the superior court's order directing the Department of Corrections to allow Donald Chase to receive supplemental sex offender treatment from Chase's chosen therapist after he is released on probation*

There is one other issue presented in this case. At the sentencing of Donald Chase, the superior court ordered the Department of Corrections to allow Chase to pursue private sex offender treatment (at his own expense) with Dr. Roger Abernathy. The State challenges this order because Dr. Abernathy is not among the Department of Corrections' authorized therapy providers. The State argues that the Department's own efforts to meaningfully treat sex offenders who are on probation will be compromised if sentencing courts allow defendants to choose their own treatment providers.

It is possible that Dr. Abernathy's treatment regime may not match the Department's expectations or wishes. But the Alaska statutes provide a sentencing court with broad authority to fashion conditions of probation.[13] In particular, AS 12.55.100(a)(5) grants a sentencing court the authority to order a probationer "to participate in or comply with the treatment plan of an inpatient or outpatient rehabilitation program specified by ... the court ... [if that treatment] is related to the defendant's offense or to the defendant's rehabilitation."

Here, the superior court's treatment order is obviously directed to Chase's offense and his rehabilitation. We therefore conclude that superior court had the authority to impose this condition of probation, even over the Department's objections.

We acknowledge that, even though the superior court has broad authority over the conditions of a defendant's probation, another governmental body—the Board of Parole—controls the conditions of a defendant's parole. It is possible that the contested condition of Chase's probation might present a problem at some point in the future if Chase is released on concurrent probation and parole.[14] In that event, either the State or Chase can ask the superior court to revisit this issue.

*Conclusion*

We VACATE the provisions of the three criminal judgments that direct the Department of Corrections to provide sex offender treatment to the defendants while they are in prison. We AFFIRM the condition of probation in Chase's case that allows him to pursue sex offender treatment with Dr. Abernathy at his own expense.

---

**12.** *See State v. Combs,* 64 P.3d 135, 138 (Alaska App.2003); *State v. Superior Court,* 40 P.3d 1239, 1241–43 (Alaska App.2002).

**13.** *See, e.g.,* AS 12.55.015(a) and AS 12.55.080.

**14.** *See* AS 33.20.040(c) (providing for concurrent release on probation and parole).