*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SUZETTE WELTON, | ) | |
| | ) | Supreme Court Nos. S-14822/14827/14924 |
| Appellant, | ) | |
| | ) | Superior Court Nos. 3AN-12-06735 CI, |
| v. | ) | 3AN-12-04547 CI, and 3AN-12-06727 CI |
| | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | No. 6861 – January 3, 2014 |
| Appellee. | ) | |
| | ) | |

Appeal in File No. S-14822 from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Mark Rindner, Judge. Appeal in File No. S-14827 from the Superior Court of the State of Alaska, Third Judicial District, Eric A. Aarseth, Judge. Appeal in File No. S-14924 from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Catherine M. Easter, Judge.

Appearances: Suzette Welton, pro se, Eagle River, Appellant. Matthias Cicotte, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I.     INTRODUCTION

A Hiland Mountain Correctional Center (Hiland) inmate, Doctor Suzette Welton, has filed three appeals to this court arguing that the dismissal of her administrative appeals for lack of subject matter jurisdiction was error. In all three cases, Welton appealed to the superior court from decisions in Department of Corrections (DOC) grievance proceedings. In order to qualify for the administrative appeal procedure, Welton had to show that (1) she was alleging a violation of her constitutional rights, and that (2) the proceeding was adjudicative in nature and (3) produced a record capable of appellate review.[1] We agree with the superior courts that the underlying DOC grievance proceedings are not adjudicative proceedings, and they do not produce a record that is capable of appellate review.

## II.    FACTS AND PROCEEDINGS

### A.     Case 14827

Welton legally changed her name in December 2008 from "Suzette Mishell Welton" to "Doctor Suzette Mishell Welton" and subsequently "requested that the DOC change[] all her documentation and communication to reflect the addition of Doctor." In November 2011, Welton filed a Prisoner Grievance regarding the name correction issue, to which it appears she received no response. She next filed a grievance appeal, which was denied. Welton appealed to the superior court in December 2011, which dismissed her case for lack of subject matter jurisdiction on the grounds that the DOC grievance procedure was not sufficiently adjudicatory and the record produced by that procedure was not susceptible to review in an administrative appeal.

---

[1]     *Brandon v. State, Dep't of Corr.*, 938 P.2d 1029, 1032 (Alaska 1997) (citation omitted).

**B.    Case 14924**

Welton filed a Prisoner Grievance in September 2011, because she was not allowed to use a CD-ROM on DOC computers for purposes of a correspondence course. When the grievance was unsuccessful, Welton filed a grievance appeal. In February 2012, Hiland denied the appeal. Welton appealed to the superior court in March 2012. The superior court dismissed Welton's case for lack of subject matter jurisdiction, finding that the DOC "grievance policy is not sufficiently adjudicative."

**C.    Case 14822**

Welton bought communion bread from an external vendor in October 2011. She filed a grievance with Hiland in December 2011, alleging that prison officials were not allowing her access to it. Hiland officials denied her grievance, as well as her grievance appeal.

In April 2012, Welton filed an administrative appeal with the superior court seeking review of the communion bread grievance. The trial court dismissed her appeal for lack of subject matter jurisdiction, finding that DOC's policy governing grievances "is not sufficiently adjudicative," thus failing to meet the *Brandon* test.

## III.    STANDARD OF REVIEW

"This appeal requires an interpretation of AS 22.10.020(d), which defines the superior court's appellate jurisdiction. On questions of statutory interpretation this court exercises its independent judgment."[2]

## IV.    DISCUSSION

Superior court appellate jurisdiction is governed by AS 22.10.020(d), which states that "[t]he superior court has jurisdiction in all matters appealed to it from a[n] . . . administrative agency when appeal is provided by law . . . ." There is no statutory

---

[2]    *Owen v. Matsumoto*, 859 P.2d 1308, 1309 (Alaska 1993) (citation omitted).

provision for an appeal from a DOC administrative decision, so AS 22.10.020(d) does not confer subject matter jurisdiction on the superior court to review appeals from DOC decisions.[3] However, an exception to that rule has been created by this court's decisions in *McGinnis v. Stevens*,[4] *Department of Corrections v. Kraus*,[5] and *Owen v. Matsumoto*.[6]

Under the exception, an Alaska inmate has a right to judicial review of DOC administrative decisions "when issues of constitutional magnitude are raised."[7] In *Brandon*, we stated the test for when the exception is applicable: "an administrative appeal [from a DOC determination] is appropriate where there is an alleged violation of fundamental constitutional rights in an adjudicative proceeding producing a record capable of review."[8] Here, as noted above, the three superior courts dismissed each of Welton's cases for lack of subject matter jurisdiction. All three courts applied the *Brandon* three-part test and found either or both of the latter two prongs not satisfied.

We have previously declined direct appellate review of DOC grievance proceedings in cases that did not involve issues of constitutional magnitude.[9] In this case, however, we assume without deciding that all three of Welton's appeals allege violations of her fundamental constitutional rights and that the first *Brandon* prong is

---

[3]     *Brandon*, 938 P.2d at 1031.

[4]     543 P.2d 1221 (Alaska 1975).

[5]     759 P.2d 539 (Alaska 1988).

[6]     859 P.2d 1308 (Alaska 1993).

[7]     *Brandon*, 938 P.2d at 1031 (citations and internal quotation marks omitted).

[8]     *Id.* at 1032 (citation omitted).

[9]     *See Hays v. State*, 830 P.2d 783, 785 (Alaska 1992); *Hertz v. Carothers*, 784 P.2d 659, 660 (Alaska 1990).

satisfied. We must now decide whether the DOC grievance procedure is an adjudicatory proceeding producing a record sufficient for judicial review.

The DOC argues that its prisoner grievance policy[10] does not implement an adjudicative proceeding producing a record capable of review. In *Brandon*, we stated:

> The essential elements of adjudication include adequate notice to persons to be bound by the adjudication, the parties' rights to present and rebut evidence and argument, a formulation of issues of law and fact in terms of specific parties and specific transactions, a rule of finality specifying the point in the proceeding when presentations end and a final decision is rendered, and any other procedural elements necessary for a conclusive determination of the matter in question.[11]

The DOC correctly notes that, here, there was no hearing or similar proceeding at which the parties could "present and rebut evidence and argument."[12] Neither party had the opportunity to examine witnesses, and the grievance process did not involve the "formulation of issues of law and fact."[13] There was no burden of proof to be met nor legal elements to be proven. The grievance procedures provide for nothing more than a paper record of Hiland's "efforts to resolve issues at the lowest possible level."[14]

---

[10]    *See* State of Alaska, Dep't of Corrections, Policies and Procedures 808.03 (2006), *available at* http://www.correct.state.ak.us/corrections/pnp/pdf/808.03.pdf.

[11]    938 P.2d at 1032-33 (quoting *Johnson v. Alaska State Dep't of Fish & Game*, 836 P.2d 896, 908 n.17 (Alaska 1991)).

[12]    *Id.*

[13]    *Id.*

[14]    Policies and Procedures 808.03 at 1.

Indeed, this court has already held that where, as here, there is only a paper record of the case, the *Kraus/McGinnis/Owen* exception does not apply.[15]  In *Owen*, a prisoner disputed his sentence calculation in a letter, and when he received an unsatisfactory response, he appealed to the superior court.[16]  We affirmed the superior court's decision to dismiss for lack of subject matter jurisdiction, concluding that the latter two *Brandon* prongs were not satisfied.[17]  The DOC grievance proceedings in this case are similar to the DOC sentence calculations we considered in *Owen*; the decision process produces only a paper record.

In *McGinnis v. Stevens*, we stressed that appellate review of a DOC disciplinary proceeding was appropriate because there was a tape-recorded hearing to review.[18]  We observed that "[a] verbatim record of the proceedings will furnish a more complete and accurate source of information than" a written record would.[19]  Later, in *Kraus*, we reasoned that such "[a] review on the record, as distinct from the de novo reception of evidence, is a characteristic of appeals."[20]  Thus the existence of a comprehensive, reliable record facilitates an administrative appeal.

Here, the limited paper record produced by the DOC's informal grievance process is inadequate for appellate review, and the grievance process itself lacks several

---

[15]  *See Owen v. Matsumoto*, 859 P.2d 1308, 1308-10 (Alaska 1993).

[16]  *Id.* at 1308.

[17]  *Id.* at 1310.

[18]  543 P.2d 1221, 1236 (Alaska 1975); *see also Dep't of Corr. v. Kraus*, 759 P.2d 539, 540 (Alaska 1988).

[19]  *McGinnis*, 543 P.2d at 1236.

[20]  759 P.2d at 540 (citations omitted).

important hallmarks of an adjudication. Thus, an administrative appeal will provide inadequate process for Welton's claims.

We do not intend this ruling to foreclose Welton from pursuing her claims. We assume that she may file an independent civil action requesting the same relief she requests in these cases. At oral argument, counsel for the State represented that the State will not assert that such an action is barred by Welton's failure to exhaust her administrative remedies. In a civil action, both parties will have the right to a full and fair hearing on these claims. Our ruling simply recognizes that the present record is inadequate to support meaningful appellate review.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the superior court decisions dismissing Welton's administrative appeals from DOC grievance proceedings.