NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |  |
|---|---|---|
| SUZETTE WELTON, | ) | |
| | ) | Supreme Court No. S-14925 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-05831 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT[*] |
| DEPARTMENT OF CORRECTIONS, | ) | |
| | ) | No. 1489 – April 2, 2014 |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Daniel Schally, Judge pro tem.

Appearances: Suzette Welton, pro se, Eagle River, Appellant. Matthias R. Cicotte, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

1. Suzette Welton appeals the superior court's dismissal of her appeal of a Department of Corrections (DOC) prisoner grievance decision. The superior court has subject matter jurisdiction to hear appeals from DOC administrative decisions only where (1) a constitutional issue is raised, (2) the proceeding was adjudicative in nature,

---

[*]     Entered under Appellate Rule 214.

and (3) the proceeding produced a record capable of appellate review.[1]  We recently held, in a nearly identical case also involving Welton, that DOC prisoner grievance decisions are not appealable to the superior court because the grievance proceedings "are not adjudicative proceedings, and they do not produce a record that is capable of appellate review."[2]  Accordingly, we hold that the superior court lacked jurisdiction to consider Welton's prisoner grievance appeal and we AFFIRM.

---

[1]      *Welton v. State, Dep't of Corr.*, 315 P.3d 1196, 1197 (Alaska 2014) (citing *Brandon v. State, Dep't of Corr.*, 938 P.2d 1029, 1032 (Alaska 1997)).

[2]      *Id.*