*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| WILLIAM G. OSBORNE, | ) | |
| | ) | Supreme Court No. S-15218 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-13-05783 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | No. 6951 – September 5, 2014 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Michael Spaan, Judge.

Appearances: William G. Osborne, pro se, Palmer, Appellant. John K. Bodick, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

STOWERS, Justice.

## I.    INTRODUCTION

William Osborne unsuccessfully challenged the Department of Correction's (DOC) calculation of his sentence through DOC's prisoner grievance process and then filed an administrative appeal in superior court. The superior court dismissed for lack of subject matter jurisdiction. We have previously held that the superior court does not

have jurisdiction to consider such an appeal: the superior court lacks statutory appellate jurisdiction to review DOC grievance decisions, and an exception allowing the superior court to review alleged constitutional violations does not apply because the prisoner grievance process is not sufficiently adjudicative and does not produce a record capable of review.[1] We affirm the superior court's dismissal of Osborne's appeal.

## II.    FACTS AND PROCEEDINGS

William Osborne filed a prisoner grievance with DOC alleging that DOC incorrectly computed his sentence following a parole revocation. He alleged that DOC failed to credit time he spent in custody pending revocation proceedings. On the recommendation of a DOC investigator, the acting superintendent of the prison denied the grievance. Osborne appealed to the Director of Institutions, and a deputy director denied his appeal. Osborne then filed a notice of administrative appeal in the superior court.

DOC moved to dismiss the administrative appeal. The superior court granted DOC's motion "on the ground that challenges to [DOC's] time accounting computations must be brought as applications for post-conviction relief pursuant to Criminal Rule 35.1 and [DOC's] grievance decisions are not adjudicative in nature and cannot be reviewed by the superior court in an administrative appeal." Osborne twice moved for reconsideration, and the superior court denied both motions. In response to Osborne's argument that review was required because he had exhausted his administrative remedies, the superior court concluded in its second order denying reconsideration that whether Osborne exhausted administrative remedies was irrelevant because the superior court lacked jurisdiction over Osborne's appeal.

---

[1]    *Welton v. State, Dep't of Corr.*, 315 P.3d 1196, 1197-99 (Alaska 2014).

Osborne filed a petition for hearing with this court. DOC moved to dismiss, arguing that a petition for hearing was inappropriate because the superior court's decision was final. We denied DOC's motion and converted Osborne's petition to an appeal, accepting the documents Osborne filed as his opening brief.[2]

## III. STANDARD OF REVIEW

Whether the superior court has subject matter jurisdiction to hear an appeal from an administrative decision is a question of law, which we review de novo.[3]

## IV. DISCUSSION

Osborne argues that the superior court has jurisdiction to hear his appeal because he is alleging a violation of his constitutional rights and the prisoner grievance process is an adjudicative proceeding. Osborne further argues that the superior court erred by concluding that whether he exhausted his remedies was irrelevant to the question of jurisdiction. DOC responds that DOC grievance decisions are not reviewable because the decisions do not result from adjudicative proceedings producing adequate records for review. DOC is correct. Because the superior court does not have statutory appellate jurisdiction over DOC grievance decisions, and because DOC grievance proceedings are not sufficiently adjudicative and do not produce a record capable of review, the superior court correctly concluded that it lacked subject matter jurisdiction.[4]

---

[2]    *Osborne v. State, Dep't of Corr.*, No. S-15218 (Alaska Supreme Court Order, Nov. 1, 2013).

[3]    *See Welton*, 315 P.3d at 1197 (quoting *Owen v. Matsumoto*, 859 P.2d 1308, 1309 (Alaska 1993)); *Nw. Med. Imaging, Inc. v. State, Dep't of Revenue*, 151 P.3d 434, 438 (Alaska 2006) (citing *Hydaburg Coop. Ass'n v. Hydaburg Fisheries*, 925 P.2d 246, 248 (Alaska 1996)).

[4]    Osborne also suggests that, rather than dismissing, the superior court should have granted a trial de novo or remanded to DOC to develop an adequate factual record.
(continued...)

We note, however, that a prisoner may properly seek judicial review of a DOC sentence calculation through an application for post-conviction relief.

A.      **The Superior Court Lacks Jurisdiction To Hear Administrative Appeals From Prisoner Grievance Decisions.**

Osborne argues that the superior court had subject matter jurisdiction because DOC prisoner grievance decisions are sufficiently adjudicative and are final agency actions subject to appellate review in the superior court. This argument is incorrect. We have clearly held that the superior court does not have jurisdiction to hear appeals from DOC prisoner grievance decisions.[5]

Under AS 22.10.020(d) the superior court has appellate jurisdiction "in all matters appealed to it from a[n] . . . administrative agency when appeal is provided by law." Because no statute provides for appeal from DOC administrative decisions, "AS 22.10.020(d) does not confer subject matter jurisdiction on the superior court to review appeals from DOC decisions."[6] We have recognized one exception to this rule:

---

[4](...continued)
But in the cases Osborne cites to support this proposition the superior court clearly had jurisdiction to consider the appeal. *See State, Dep't of Revenue v. Merriouns*, 894 P.2d 623, 627 (Alaska 1995) (holding in Permanent Fund Dividend case that superior court erred by granting trial de novo where the department's factual record was not adequately developed, and directing the superior court to remand to the department for factual determinations); *Aloha Lumber Corp. v. Univ. of Alaska*, 994 P.2d 991, 998 (Alaska 1999) (observing that appellant could have requested a trial de novo in the superior court in appeal from final administrative decision). Here, because the superior court lacked jurisdiction, it had no power to remand or to grant a trial de novo. *See* Alaska Appellate Rule 609 ("[T]he superior court may make such orders as are necessary and proper to *aid its appellate jurisdiction*." (Emphasis added.)).

[5]      *Welton*, 315 P.3d at 1197-99.

[6]      *Id.* at 1197 (citing *Brandon v. State, Dep't of Corr.*, 938 P.2d 1029, 1031
(continued...)

an administrative appeal from a DOC determination is appropriate where there is (1) an alleged violation of a fundamental constitutional right in (2) an adjudicative proceeding that (3) produces a record capable of appellate review.[7]

In *Welton v. State* we held that DOC grievance proceedings are not sufficiently adjudicative and affirmed the superior court's dismissal of Welton's appeal for lack of subject matter jurisdiction.[8] We cited our statement in *Brandon v. State* that:

> The essential elements of adjudication include adequate notice to persons to be bound by the adjudication, the parties' rights to present and rebut evidence and argument, a formulation of issues of law and fact in terms of specific parties and specific transactions, a rule of finality specifying the point in the proceeding when presentations end and a final decision is rendered, and any other procedural elements necessary for a conclusive determination of the matter in question.[9]

We concluded that DOC grievance proceedings lack several essential elements.[10] They do not: (1) include a "hearing or similar proceeding at which the parties [may] 'present and rebut evidence and argument' "; (2) provide an opportunity to examine witnesses; or (3) "involve the 'formulation of issues of law and fact.' "[11]

---

[6](...continued)
(Alaska 1997)).

[7]     *Brandon*, 938 P.2d at 1032-33 (citing *Owen*, 859 P.2d at 1310).

[8]     *Welton*, 315 P.3d at 1199.

[9]     *Id.* at 1198 (quoting *Brandon*, 938 P.2d at 1032-33).

[10]    *Id.*

[11]    *Id.* (quoting *Brandon*, 938 P.2d at 1032-33).

The superior court does not have appellate jurisdiction under AS 22.10.020(d) to hear administrative appeals from DOC grievance decisions. And because prisoner grievance proceedings are not sufficiently adjudicative and do not produce a record capable of appellate review, the exception allowing the superior court to review alleged violations of fundamental constitutional rights is inapplicable.

**B.** **Relying On The Inadequate Record Produced In A Non-Adjudicative Grievance Process Would Create An Unacceptable Risk Of Violating A Prisoner's Constitutional Rights.**

Osborne argues that the superior court necessarily had jurisdiction to consider his appeal because he alleged a violation of his fundamental constitutional rights.

As discussed above, the superior court has jurisdiction to review administrative actions not covered by AS 22.10.020(d) only when an alleged violation of a fundamental constitutional right has been reviewed in an adjudicative proceeding that produces a record capable of appellate review.[12] Prisoner grievance decisions usually do not result from adjudicative proceedings that produce a record capable of review.[13] We note that the policy basis for this requirement is not merely to promote judicial economy; the requirement is also protective of the prisoner's right to due process. Challenging administrative decisions through the appropriate process is critical to ensuring that an adequate record is developed and that the prisoner is given the opportunity to be heard.

We concluded in *Owen v. Matsumoto* that while a prisoner's challenge to DOC's sentence calculations may raise constitutional issues, administrative appeal from an informal DOC administrative decision is not the appropriate procedure for

---

[12] *Brandon*, 938 P.2d at 1031.

[13] *See supra* section III.A.; *Welton*, 315 P.3d at 1198.

considering those issues.[14]  In that case, a DOC inmate challenged DOC's calculation of

his sentence by submitting a letter to the DOC Assistant Classification Officer.[15]  The

Officer "responded that the Time Accounting Task Force determined that none of

Owen's claims had merit."[16]  Owen filed a notice of administrative appeal, and the

superior court dismissed for lack of jurisdiction.[17]  We affirmed, concluding that

> [a]ny alleged violation of fundamental constitutional rights
> must be afforded judicial review.  However, Owen has not
> shown that review by administrative appeal is the proper
> avenue for judicial review of an alleged miscalculation of his
> sentence.  Owen has a right to have his sentence calculation
> reviewed, but not by way of appeal to the superior court.[18]

Osborne argues that our decisions in *Owen*, *Brandon*, and *Welton* create a

"catch 22" where prisoners are required to exhaust all administrative remedies, but that

the DOC grievance system is inadequate because it produces only a paper record.  He

suggests that this somehow impermissibly shifts the responsibility of making a record

for appeal to the prisoner and asks "how can . . . prisoners bring their claims or issues

befor[e] the court when DOC provides no other way of producing a 'record' except on

paper?"

Osborne simply misunderstands our precedent.  These cases do not in any

way deny a prisoner's right to have his constitutional claim heard.  To the contrary,

reviewing a non-adjudicative proceeding that produced an inadequate record would

---

[14]    859 P.2d 1308, 1310 (Alaska 1993).

[15]    *Id.* at 1308.

[16]    *Id.*

[17]    *Id.*

[18]    *Id.* at 1310.

create an unacceptable risk of violating a prisoner's fundamental constitutional rights. As is evident from the record in this case, the grievance process does not require factual determinations or application of relevant law to the facts; there is no provision for a hearing, and consequently there is no opportunity for a prisoner to present and rebut evidence; and there is no rule of finality. Most importantly, just as Welton was not precluded from bringing her claims against DOC as an original action in the superior court,[19] Osborne is not precluded from challenging his sentence calculation in the superior court through an application for post-conviction relief.[20]

### C. Whether Osborne Exhausted Administrative Remedies Is Not Relevant To The Question Of Jurisdiction.

Osborne asserts that the superior court erred by concluding that whether he had exhausted his administrative remedies was irrelevant to whether it had jurisdiction to consider his administrative appeal. He argues that because he exhausted his administrative remedies by filing a grievance and appealing the denial of his grievance through DOC's prisoner grievance process, he is entitled to judicial review of what amounts to a final agency action.

The superior court correctly concluded that exhaustion of remedies was irrelevant to whether it had jurisdiction. Regardless, whether Osborne was required to exhaust his administrative remedies, and whether he actually did, the superior court did not have jurisdiction to hear his appeal because AS 22.10.020(d) does not confer jurisdiction to the superior court to hear appeals from DOC grievance proceedings and

---

[19]     *Welton*, 315 P.3d at 1199.

[20]     *See* Alaska Criminal Rule 35.1(a)(1) (providing that a person "may institute a proceeding for post-conviction relief . . . if the person claims . . . that [his] conviction or [his] sentence was in violation of the constitution of the United States or the constitution or laws of Alaska").

prisoner grievance proceedings are not sufficiently adjudicative and do not produce a record capable of review.

**D.     The Proper Avenue For Challenging A DOC Sentence Calculation Is An Application For Post-Conviction Relief.**

Osborne argues that the superior court erred by concluding that his claim may only be brought as an application for post-conviction relief, contending that sentence calculation errors are outside the scope of the statutes governing post-conviction relief.  But as we concluded in *Owen*, the proper vehicle for challenging DOC's sentence calculation is an application for post-conviction relief.[21]  Alaska Criminal Rule 35.1 provides that "[a] person who has been convicted of or sentenced for a crime may institute a proceeding for post-conviction relief under AS 12.72.010-12.72.040 if the person claims[] . . . that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of Alaska."  And the limitations on applications for post-conviction relief set out in AS 12.72.020(a) do not bar claims alleging sentence miscalculation.  The superior court did not err in concluding that Osborne's sentence calculation claim should be brought as an original application for post-conviction relief.

## V.     CONCLUSION

For the reasons discussed, we AFFIRM the superior court's order dismissing Osborne's administrative appeal.

---

[21]     *Owen*, 859 P.2d at 1309 (holding that the proper procedure for review of a sentence miscalculation claim is to request post-conviction relief under Criminal Rule 35.1).