NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DANIEL C. LEWIS, ) | |
| ) | Supreme Court No. S-17640 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-17-09107 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT ) | AND JUDGMENT* |
| OF CORRECTIONS, ) | |
| ) | No. 1818 – February 17, 2021 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Daniel C. Lewis, pro se, Wasilla, Appellant. Matthias R. Cicotte, Assistant Attorney General, and Clyde "Ed" Sniffen, Jr., Acting Attorney General, Juneau, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

1.      Daniel Lewis is a prisoner who was originally classified as ineligible for furlough[1] based on a determination by the Department of Corrections (DOC) that his conviction was sexual in nature and because he was being held on a federal detainer. On administrative appeal, the superior court affirmed the classification based on the federal

---

\*       Entered under Alaska Appellate Rule 214.

[1]      *See* AS 33.30.101 (regarding the authority to grant and regulate prisoner furloughs).

detainer, but ordered that DOC's findings that Lewis had committed a sexual offense "be removed from his file" because DOC had not afforded him due process before making those findings.

2. The detainer was lifted by a federal court after the superior court decision. But the DOC classification committee denied Lewis's subsequent application for a furlough, citing his "lengthy criminal history" and the nature and severity of his crime, describing him as not appropriate for furlough, and noting that he lacked the support of his institutional probation officer and the prison superintendent.

3. Instead of filing a new administrative appeal, Lewis filed additional motions in his original superior court appeal, asking the court to compel DOC to grant his furlough application. DOC responded in part by arguing that Lewis's motions were outside the scope of his original appeal. The court denied Lewis's motions, and he now appeals.

4. An appellate court (including the superior court when reviewing administrative agency decisions) "may order a rehearing of a matter previously decided" if its decision "overlooked, misapplied or failed to consider" controlling legal authority or "overlooked or misconceived" a material fact or question or legal proposition.[2]

5. But Lewis's motions did not request rehearing of a matter previously decided. Lewis's new claims involve distinct legal questions that would require development of a different set of facts, based on conduct occurring years after he filed his original administrative appeal. These motions were filed more than a year after the superior court entered its final decision affirming DOC's classification. The court thus

---

[2] Alaska R. App. P. 506; *see* Alaska R. App. P. 601(c) (applying appellate rules to superior court appeals).

properly denied Lewis's motions because they were beyond the scope of his original administrative appeal.[3]

6.      We therefore AFFIRM the superior court's decisions denying Lewis's post-decision motions.

---

[3]      Lewis is likely required to file an independent civil action to pursue any potential remedy for his claims. *See Welton v. State, Dep't of Corr.*, 315 P.3d 1196, 1199 (Alaska 2014) ("Here, the limited paper record produced by the DOC's informal grievance process is inadequate for appellate review, and the grievance process itself lacks several important hallmarks of an adjudication. Thus, an administrative appeal will provide inadequate process for [the prisoner's] claims.").