NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| PATRICK H. TORRENCE, | ) | |
| | ) | Supreme Court No. S-18069 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-20-05929 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT[*] |
| OF CORRECTIONS, | ) | |
| | ) | No. 1899 – June 8, 2022 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Patrick H. Torrence, pro se, Seward, Appellant. Anna Jay, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I.     INTRODUCTION

An inmate filed a grievance contesting his placement in administrative segregation. The Department of Corrections (DOC) denied the grievance. The inmate appealed to the superior court, arguing that DOC violated his due process and equal protection rights by placing him in administrative segregation without probable cause.

---

[*]     Entered under Alaska Appellate Rule 214.

The superior court denied the appeal, citing the inmate's failure to exhaust administrative remedies. The inmate appeals.

We affirm the superior court's order on the alternative ground that the superior court lacks jurisdiction over DOC's grievance decisions. And even if we liberally construe this case as a classification appeal over which the court has jurisdiction, it was not an abuse of discretion for the superior court to dismiss the appeal due to the inmate's failure to exhaust his administrative remedies.

## II. FACTS AND PROCEEDINGS

### A. Background

Patrick Torrence was an inmate at Spring Creek Correctional Center when a riot broke out in a housing unit. Torrence was one of 35 inmates who DOC believed could have been involved. Reasoning that Torrence "present[ed] a substantial and immediate threat to the security of the facility or public safety,"[1] DOC placed him in administrative segregation. A few days later DOC held a classification hearing at which Torrence had the opportunity to challenge the placement. He said he was "fine" with the classification and "[didn't] mind being in segregation," but he maintained that he had not participated in the riot and was "disturbed" that he would be accused of doing so without an investigation.

The hearing officer recommended that Torrence be kept in segregation while the investigation into the riot was ongoing but informed Torrence that he had a right to appeal the decision "within five working days." Torrence did not appeal. Thirty days later, after DOC determined that Torrence had not participated in the riot, a reviewing officer recommended his release from segregation.

---

[1] *See* STATE OF ALASKA, DEP'T OF CORR., POLICIES & PROCEDURES 804.01(VII)(A)(8) (2014), https://doc.alaska.gov/pnp/pdf/804.01.pdf.

Torrence filed a grievance seven months later, asserting that his segregation was improper and arguing that he had been "denied fair and impartial due process and the equal protection of the law, as well as Alaska law." He sought $61,200 in compensation — $1,800 for each day in segregation. DOC rejected the grievance for three independent reasons: (1) classification decisions — which include the decision to place an inmate in administrative segregation — are not subject to the grievance process; (2) Torrence filed his grievance more than seven months past the 30-day deadline; and (3) the grievance was "factually incredible or clearly devoid of merit."

## B.    Court Proceedings

Torrence appealed to the superior court. He asserted that DOC placed him in administrative segregation without probable cause, violating his rights to due process and equal protection. He also asserted claims of negligence, false imprisonment, false arrest, malicious prosecution, misrepresentation, and interference with contract rights. The superior court denied the appeal for failure to exhaust administrative remedies, finding that Torrence "failed to utilize the grievance process in a timely manner." The court did not address the merits of Torrence's claims.

Torrence appeals.

## III.    STANDARD OF REVIEW

"Whether the superior court has subject matter jurisdiction to hear an appeal from an administrative decision is a question of law, which we review de novo."[2] "Whether a type of claim generally requires exhaustion of administrative remedies is a legal question that we review de novo. We review for abuse of discretion a

---

[2]    *Osborne v. State, Dep't of Corr.*, 332 P.3d 1286, 1287 (Alaska 2014).

determination of whether a plaintiff exhausted those remedies . . . ."[3] We will find an abuse of discretion "when the decision on review is manifestly unreasonable."[4] "We may affirm the superior court on any basis supported by the record, even if that basis was not considered by the court below or advanced by any party."[5]

## IV. DISCUSSION

### A. The Superior Court Did Not Have Jurisdiction To Review DOC's Denial Of Torrence's Grievance.

The superior court may review DOC decisions "where there is an alleged violation of fundamental constitutional rights in an adjudicative proceeding producing a record capable of review."[6] We have held, however, that prisoner grievance proceedings "lack several essential elements" of adjudication and are generally not susceptible to appellate review.[7] Because Torrence appeals the denial of a grievance, the superior court lacked subject matter jurisdiction over the appeal; we affirm its order on that alternative ground.[8]

---

[3] *Smart v. State, Dep't of Health & Soc. Servs.*, 237 P.3d 1010, 1014 (Alaska 2010) (footnote omitted).

[4] *Smith v. State, Dep't of Corr.*, 447 P.3d 769, 776 (Alaska 2019) (quoting *Lingley v. Alaska Airlines, Inc.,* 373 P.3d 506, 511 (Alaska 2016)).

[5] *Leahy v. Conant*, 436 P.3d 1039, 1043 (Alaska 2019) (quoting *Brandner v. Pease*, 361 P.3d 915, 920 (Alaska 2015)).

[6] *Brandon v. State, Dep't of Corr.*, 938 P.2d 1029, 1032 (Alaska 1997).

[7] *Osborne*, 332 P.3d at 1289 (describing missing elements as (1) an evidentiary hearing or similar procedure; (2) the opportunity to examine witnesses; and (3) the "formulation of issues of law and fact" (quoting *Welton v. State, Dep't of Corr.*, 315 P.3d 1196, 1198 (Alaska 2014))).

[8] As we stated in *Welton* and *Osborne*, prisoners' inability to appeal a
(continued...)

**B.** **Assuming The Superior Court Had Subject Matter Jurisdiction Over Torrence's Appeal, It Was Not An Abuse Of Discretion To Find That He Failed To Exhaust His Administrative Remedies.**

Although Torrence appeals the denial of a grievance, he functionally challenges the outcome of the classification hearing. Unlike grievances, classification hearings are considered adjudicative proceedings and are therefore subject to judicial review.[9] But even if we liberally construe Torrence's grievance appeal as an attempt to invoke the process for classification appeals, we affirm dismissal of the appeal based on his failure to exhaust his administrative remedies.

"Where . . . a regulation provides for administrative review of an agency decision, a person ordinarily must exhaust such administrative remedies before bringing an action in superior court challenging the decision."[10] Classification decisions cannot be appealed through the prisoner grievance process.[11] Rather, DOC regulations provide that classification decisions may be appealed "by submitting an appeal to the institutional

---

[8]    (...continued)
grievance decision does not preclude them from pursuing their claims through other avenues. *Welton*, 315 P.3d at 1199; *Osborne*, 332 P.3d at 1290. Assuming Torrence exhausted his administrative remedies, he could still "file an independent civil action requesting the same relief [he] requests in th[is] [administrative appeal]," and "both parties [would] have the right to a full and fair hearing on [his] claims." *Welton*, 315 P.3d at 1199; *see also Osborne*, 332 P.3d at 1290.

[9]     *Brandon*, 938 P.2d at 1033.

[10]    *Smart v. State, Dep't of Health & Soc. Servs.*, 237 P.3d 1010, 1015 (Alaska 2010).

[11]    22 Alaska Administrative Code (AAC) 05.185(a) (2004) ("[M]atters concerning classification and discipline . . . may not be the subject of a grievance under this section, but may only be raised through an appeal of a classification or disciplinary action.").

probation officer on a form provided by the department."[12] The prisoner has five days to file this appeal, as the hearing officer correctly advised Torrence at his classification hearing.[13]

Torrence failed to follow this process. Instead of submitting a classification appeal within five days of the classification hearing, he submitted a grievance seven months after his release from segregation.[14] Nothing differentiates this case from others in which we have upheld superior court orders dismissing prisoner appeals on exhaustion of remedies grounds;[15] these include a recent memorandum opinion involving Torrence himself.[16] As here, Torrence "never directly challenged his placement in administrative

---

[12]     22 AAC 05.242(a) (2018).

[13]     DOC POLICIES & PROCEDURES, *supra* note 1, 804.01(VIII)(C), (E).

[14]     Torrence argues that AS 12.10.020 excuses him from the time limits of DOC's appeal process. The statute provides: "Even if the general time limitation has expired, a prosecution for any offense based upon misconduct in office by a public officer or employee may be commenced within one year after discovery of the offense by a person having a duty to report such offense . . . ." The statute relates to criminal prosecutions brought by the State and is inapplicable here.

[15]     *See, e.g.*, *Broeckel v. State, Dep't of Corr.*, 941 P.2d 893, 896 (Alaska 1997) (concluding that inmate failed to exhaust administrative remedies "because he did not attempt to use [the correctional center's] formal grievance procedures"); *Blair v. State, Dep't of Corr.*, No. S-17434, 2020 WL 7054123, at *4 (Alaska Dec. 2, 2020) (concluding that inmate failed to exhaust administrative remedies because "the DOC grievance process ha[d] other steps which [the inmate] did not pursue").

[16]     *Torrence v. State, Dep't of Corr.*, No. S-17750, 2021 WL 3754594, at *4 (Alaska Aug. 25, 2021) (concluding Torrence failed to exhaust administrative remedies because "he never appealed the placement; he focused instead on the grievance process").

segregation" and pursued a grievance rather than a classification appeal.[17]  In this case, too — assuming the superior court had jurisdiction over Torrence's appeal as a classification matter rather than a grievance — the court did not abuse its discretion when it dismissed the case based on Torrence's failure to exhaust his administrative remedies.

V.    **CONCLUSION**

We AFFIRM the superior court order dismissing Torrence's appeal.

---

[17]     *Id.*